### GUTNER et al. v. SWITZERLAND GENERAL INS. CO. OF ZURICH.

Circuit Court of Appeals, Second Circuit.
May 6, 1929.

No. 295.

Pfeiffer & Crames, of New York City (Alfred B. Nathan, of New York City, of counsel), for appellants.

Bigham, Englar & Jones, of New York City (Arthur W. Clement and Henry J. Bogatko, both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). Since the trial court found unworthy of belief the evidence tending to show that the binder sued upon was not written according to the plaintiffs' application, we need concern ourselves no further with the plaintiffs' claim on argument concerning the effect of such evidence. Without this, it would be well to bear in mind that the plaintiffs have seen fit to bring this suit at law to enforce the terms of the binder as written, rather than to take any appropriate measures to have the writing reformed.

Accordingly, the outcome of this appeal depends upon the effect of the defendant's excess insurance clause on the insurance in suit, in the light of the Pennsylvania policy outstanding when this insurance was obtained. The Pennsylvania policy is not here sued upon, and, while it has been urged that we should consider the possible effect of the defendant's insurance on it, we see no reason for expressing any opinion about that, but confine ourselves entirely to the question of the defendant's liability in this case.

It is not denied that the Pennsylvania policy was valid existing primary insurance when the defendant's insurance was applied for, or that it ever became anything else, unless the new insurance made it so. This existing policy was enough to keep the insurance in suit, by virtue of the defendant's excess insurance clause, from ever taking effect, except as coverage for that part of a loss which exceeded $7,500. Thomas v. Builders' Mut. Fire Ins. Co., 119 Mass. 121, 20 Am. Rep. 317, Sweeting et al. v. Mutual Fire Insurance Co., 83 Md. 63, 34 A. 826, 32 L. R. A. 570.

Since the loss proved was less than $7,500, no liability on the part of the defendant was shown.

Judgment affirmed.