## CONTINENTAL CASUALTY CO. v. CURTIS PUB. CO.,

### No. 6499.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1938.

Harry S. Ambler, Jr., of Philadelphia, Pa., and George C. Bliss, of Chicago, Ill., for appellant.

Joseph M. Leib, John J. McDevitt, 3d, and John J. McDevitt, Jr., all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. In May, 1932, Curtis Publishing Company, the plaintiff-appellee, employed one Guy M. Meadows in sales promotion work in Illinois. Meadows owned and operated a Ford automobile in connection with his employment. On or about November 1, 1931, Continental Casualty Company, the defendant-appellant, issued a public liability insurance policy covering the Ford and naming Meadows as assured. By virtue of the omnibus clause of the policy the appellee, Curtis Publishing Company, became an additional assured. The limits of liability were $5,000 for one person and $10,000 for one accident. In August, 1931, the appellee purchased a one-year contingent nonownership blanket policy from the American Employers' Insurance Company. On or about June 30, 1932, Meadows disposed of his Ford, which had been wrecked, and purchased a Plymouth. The exact date of transfer is one of the facts in dispute. On July 6, 1932, while operating the Plymouth upon the appellee's business, Meadows was involved in an automobile collision which resulted in the death of one minor and injuries to another. Meadows reported the accident to the appellant, describing his car as a Plymouth. The appellant made an immediate investigation. Two suits were instituted in Illinois against Meadows and the appellee. The appellant undertook the defense as to Meadows and purchased covenants not to sue Meadows by the payment of $500 in each case. At each step in the Illinois suits the appellee requested the appellant to defend on behalf of the appellee but the appellant denied liability. Judgments were entered against the appellee in the Illinois suits and were finally settled by it by the payment of $7,000. The appellee brought action in assumpsit to recover the amount of the two judgments with interest and costs and the District Court entered judgment for the appellee.

Part of the omnibus clause under which the appellee claims the rights of an additional assured contains the following paragraph: (5) " * * * If any person, firm or corporation other than the Insured named in the Declarations and Warranties is, under the terms of this policy, entitled to be indemnified thereunder and is also covered by other valid and collectible insurance, such other person, firm or corporation shall not be indemnified under this policy." The appellant's ground for refusing to undertake the defense of the Illinois suits was that the appellee was covered by "other valid and collectible insurance" under the provisions of the contract of insurance issued by the American Employers' Insurance Company. This policy, however, carried the following special indorsement: "Condition E of the policy (the other Insurance Clause) is hereby eliminated from the policy and it is understood and agreed that if the Named Assured is covered under a policy of automobile and/or motorcycle insurance taken out by the owner or operator of the automobile and/or motorcycle that the coverage under this endorsement shall be an excess cover over and above the valid and collectible insurance under the Policy taken out by the owner or operator of the automobile and/or motorcycle." By reason of this excess coverage provision in the American Employers' Insurance Company policy, the liability of that company did not arise until the limits of the collectible insurance under the appellant's policy had been exceeded. There was no need to make demands upon the excess insurance policy, since the appellant's policy for $10,000 on two claims was not exceeded by the settlement of the judgments for $7,000. We find no merit in the appellant's contention on this issue.

The appellant now relies chiefly upon the defense that the policy at the time of the accident insured the Ford automobile and not the Plymouth. On this issue the trial court found as a fact that notice of the purchase of the Plymouth was given to the appellant's agent and that the coverage was transferred prior to the occurrence of the accident. Although the indorsement on the policy bears a later date, there is sufficient evidence in the record to justify the court's fact findings.

The entire conduct of the appellant for the four-year period, from the time of the report of the accident to the time of the filing of the present suit, amounted to a tacit admission of coverage. The appel-

**712**

lant's conduct in withholding the present defense of noncoverage did in fact prejudice the appellee. Had the issue been raised immediately, the appellee might have had available the testimony of witnesses familiar with the actual date of transfer; might have had the full cooperation of Meadows, to whose self-interest it would have been to prove that the transfer of coverage occurred prior to the accident, and might not have incurred the expense of bringing this suit. We are of the opinion that the appellee has proved coverage and that under any circumstances the appellant has estopped itself from raising the defense of noncoverage at this late date.

We find no merit in the assignments of error dealing with alleged variance. There is a variance between the facts alleged and those proved only if the appellant's version of the facts is accepted. Since the trial judge, sitting by agreement without a jury, found upon substantial evidence that the facts are as the appellee alleged, there can be no ruling of variance.

We do, however, find error in so much of the judgment as undertakes to compensate the appellee for court costs, attorney's fees, and other expenses incurred after the verdicts in the Illinois suits. The record discloses that all these payments were in fact made by the American Employers' Insurance Company. Moreover, that company was legally obligated to do so for it had agreed: "* * * to pay all expenses incurred by the Corporation for investigation, negotiation, and defense of any such claims or proceedings; * * * all premiums on attachment and/or appeal bonds required in any such proceedings; all costs taxed against the Assured in any such proceedings; * * *." Inasmuch as the American Employers' Insurance Company was legally obligated to incur the costs and expenses involved in the defense of the suits against the appellee and did bear them, we think it error to allow the appellee to recover for those items.

Ordered, that if the appellee will within a reasonable time during the present term of this court file in the District Court of the United States for the Eastern District of Pennsylvania a remittitur of such excess, and produce and file a certified copy thereof in this court, the judgment, less the amount so remitted, will be affirmed; but if this is not done, the judgment will be reversed and a new trial ordered.