## NEW AMSTERDAM CASUALTY CO. v. HARTFORD ACCIDENT & INDEMNITY CO.
### No. 7916.

Circuit Court of Appeals, Sixth Circuit.
Jan. 11, 1940.

654

Benjamin F. Washer, of Louisville, Ky. (Walter E. Huffaker, Edw. J. Hogan, and Ben F. Washer, all of Louisville, Ky., on the brief), for appellant.

Mortimer Viser, of Louisville, Ky. (Davis, Boehl, Viser & Marcus, of Louisville, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

The question presented by this case is whether appellant or appellee was liable for $10,000 of a loss resulting from an automobile accident. Each had issued an insurance policy containing an omnibus clause which apparently covered the loss, but each claimed that this clause was made inoperative under the circumstances by another clause. Each admits that the loss was covered, and each paid $5,000 of it on the understanding that suit would later be brought by appellant to determine liability. Accordingly, suit was filed, in the Circuit Court of Jefferson County, Kentucky, but was removed to the United States District Court on the ground of diversity of citizenship. The Court sustained a demurrer to the petition, which is the error assigned.

The Kaufman-Straus Company is a Kentucky corporation engaged in retailing merchandise in the City of Louisville, Kentucky.

It owns and operates a number of trucks, but sometimes hires additional trucks from the Louisville Taxicab and Transfer Company, also a Kentucky corporation, engaged in operating trucks and taxicabs for hire in Louisville.

On December 24, 1934, a Chevrolet truck, hired from the Louisville Taxicab and Transfer Company, while being operated by the Kaufman-Straus Company's driver, struck and fatally injured one John Perkins. His administrator brought suit against the Kaufman-Straus Company for $50,000 damages. Both appellant and appellee were called upon to defend the suit. With the approval of both insurance companies, it was finally settled for $14,000. There was no question as to appellant's liability for the loss in excess of $10,000. Pursuant to agreement, appellant brought suit to recover the $5,000 of the disputed loss that it had paid. The District Court held that the limiting provisions in each policy hereafter discussed, cancel each other and make the companies coinsurers, with the consequence that appellant was entitled to recover nothing, since it had borne no more than its proportionate share of the loss.

The Louisville Taxicab and Transfer Company held appellee's Policy No. ACP-1002199, effective for one year from January 1, 1934, and an endorsement covering the Chevrolet truck involved in the accident, Certificate No. AC-11935, effective from November 23, 1934, to January 1, 1935. The policy contained a so-called omnibus clause, as follows: "A. This policy is extended to cover as an additional assured any person while operating any automobile described in the Declarations or any person, firm or corporation legally responsible for its operation, where the disclosed and actual use of the automobile is for 'Pleasure and Business,' or 'Commercial' purposes as defined in Item 8. * * *"

The foregoing clause, however, is limited by the "Other Insurance" provision, as follows: "* * * If others [than the named assured] entitled to the benefits of this policy by the provisions of Condition A hereof, are covered by other valid insurance against a claim otherwise covered by this policy, said Condition A shall be void."

The Kaufman-Straus Company held appellant's Policy No. LA-35669, effective for a year from April 13, 1934, and insuring the Company against loss to the extent of $50,000. It contained an endorsement relating

to cars hired by the named assured, as follows:

"In consideration of the premium determined as hereinafter provided for, it is hereby understood by and between the named assured and the company that this policy shall cover the operation of all automobiles and trailers of the type stated in the policy *hired by the assured* during the term thereof and used for the purpose stated in the declaration, without specific description of and specific premium charge for each automobile to be covered as required by the policy. * * *

"Condition H of the policy (the co-insurance clause) is hereby eliminated from the policy, and it is understood and agreed that *if the named assured is covered under a policy taken out by the owner or operator of any automobile insured under this endorsement,* the coverage under this endorsement shall be an excess coverage over and above the valid and collectible insurance under the policy taken out by the owner or operator of the car." (Italics ours.)

Another policy issued on the same date by appellant to the Kaufman-Straus Company, covering the same period of time, contained a similar clause, as follows: "Condition H (concurrent insurance) of the policy is hereby eliminated as respects the coverage provided under this Endorsement and it is agreed and understood that if there exists, at the time of the accident, a policy of insurance taken out by or effected on behalf of any other than the named assured and under the terms of which policy the named assured is entitled to protection and coverage, then this Endorsement shall operate only as excess insurance over and above the amount of such valid and collectible insurance."

Each party admits that it would have been liable if the other's policy had not been issued, and each argues that the other's policy became effective first and therefore covered the loss in controversy.

Appellee's policy in point of time was first issued, but Condition A, quoted above provided: "This policy is extended to cover as an additional assured any person while operating *any automobile described in the Declarations* or any person, firm or corporation legally responsible for its operation, *where the disclosed and actual use of the automobile is for 'Pleasure and Business' or 'Commercial' purposes as defined in Item 8 * * *."* (Italics ours.)

Though appellee's policy, and the Fleet Plan Endorsement attached thereto, each provided that it "shall not be in force unless countersigned by a duly authorized agent of the Company" and neither was so countersigned until May 18, 1934, which was after appellant's policies issued, we assume that the policy and Fleet Plan Endorsement were effective to protect the Taxicab Company and any additional assured in respect to all cars owned by the Taxicab Company, for a year from January 1, 1934, *provided* they were used for "Pleasure and Business" or "Commercial" purposes as defined in Item 8.[1]

Item 8 defines these terms as follows:

"When the described automobile is insured for:

"A. Pleasure and Business Purposes—It shall be of that type licensed by law to operate for pleasure and business, except that when the body has been altered or designed for commercial purposes, it shall not be used for wholesale or retail delivery; excluding renting, the carrying of passengers for a consideration, demonstrating, testing, or the use of a trailer unless such trailer is identified and described herein and an additional premium charged for it.

"B. Commercial Purposes—It shall be of that type licensed by law to operate or operating as a truck or engaged in commercial delivery or any automobile of the private passenger type which has been altered and designed for such purpose including the loading and unloading thereof but excluding renting, the carrying of passengers for a consideration, demonstrating, testing, or the use of a trailer unless such trailer is identified and described herein and an additional premium is charged for it."

It will be noted from the foregoing provisions that appellee's policy did not cover a vehicle belonging to the fleet when it

---

[1] The Fleet Plan Endorsement provides, in part: "Under the terms, conditions and limitations of the policy to which this endorsement is attached, not inconsistent herewith, *it is agreed that this policy shall include all automobiles and trailers owned by the assured at any time during the term of the policy and used by him for the purposes stated herein, whether such automobiles and trailers are specifically described in the policy at the time of issuance or not. * * *"* (Italics ours.)

was being operated by one who had rented it from the named assured. We are of the opinion, therefore, that when appellant issued its policies to the Kaufman-Straus Company on April 18, 1934, appellee had no policy outstanding under which the Kaufman-Straus Company would have had any protection while operating a rented truck. Consequently, appellant's policies could not have been merely excess coverage to the Kaufman-Straus Company over other "valid and collectible insurance."

On November 23, 1934, after appellant had issued its policies, appellee issued Certificate No. AC–11935, for the sole purpose of extending the coverage of its policy to the Chevrolet truck involved in this case to January 1, 1935, "subject to Declarations" therein contained. The Taxicab Company declared that the automobile would be used for "Commercial" purposes and the certificate declared that "when the described automobile is insured for (b) Commercial Purposes—It shall be of that type licensed by law to operate or operating as a truck or engaged in commercial delivery or any automobile of the private passenger type which has been altered and designed for such purpose including the loading and unloading thereof but excluding the carrying of passengers for a consideration, demonstrating, testing or the use of a trailer unless such trailer is identified and described herein and an additional premium is charged for it."

It will be noted that "renting" was expressly excluded in the Declarations, pursuant to which the original policy and the "Automobile Fleet Plan Endorsement" thereon were issued. The Certificate which covered only the Chevrolet truck, however, did not exclude coverage when the truck was rented. Hence, we must conclude that appellee intended coverage to extend to the truck when operated on a rental basis, but subject to Condition L, printed on the back of the certificate, as follows: "If others [than the named assured] entitled to the benefits of this policy by the provisions of Condition A hereof, are covered by other valid insurance against a claim otherwise covered by this policy, said Condition A shall be void."

We think it clear that appellant's policies were in effect prior to the issuance of appellee's certificate and this fact rendered Condition A thereof void.

Appellant strongly relies upon the case of Michigan Alkali Co. v. Bankers Indemnity

Co., 2 Cir., 103 F.2d 345. That case held the company liable whose policy first insured against the particular risk and is entirely consistent with the conclusion reached herein. We are unable to agree with the reasoning in Continental Casualty Co. v. Curtis Publishing Co., 3 Cir., 94 F.2d 710, also relied upon by appellant, in which a contrary result was reached. None of the other decisions that we have noted, when their facts are carefully considered, appears to us to be inconsistent with the conclusion we have reached, though some of them have placed liability on the theory that the insurer who insured the party primarily liable should bear the loss. Maryland Casualty Co. v. Bankers' Indemnity Ins. Co., 51 Ohio App. 323, 200 N.E. 849; Commercial Casualty Ins. Co. v. Hartford Accident & Indemnity Co., 190 Minn. 528, 252 N.W. 434, on rehearing 190 Minn. 528, 253 N.W. 888; Gutner v. Switzerland General Ins. Co. of Zurich, 2 Cir., 32 F.2d 700.

Appellant was liable for the whole $10,000 loss and the view of the District Court that the parties were coinsurers is erroneous; its judgment, however, that appellant was entitled to no recovery, is correct.

Judgment affirmed.