## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Ltd., v. CLAMOR et al.

### No. 7584.

Circuit Court of Appeals, Seventh Circuit. Nov. 28, 1941.

Rehearing Denied Jan. 26, 1942.

718

Edward R. Adams and Wm. Simon, both of Chicago, Ill., for appellant.

Robert E. Wright, Robert E. Barrett, and John W. Costello. all of Chicago, Ill. (Edward Wolfe, of Chicago, Ill., of counsel), for appellees.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

Plaintiff, (hereinafter referred to as "Zurich") on May 7, 1940, filed a complaint by which it sought a declaratory judgment, Section 274d, Judicial Code, 28 U.S.C.A. § 400, as to the rights and liabilities of Zurich, and the defendant, Car & General Insurance Corporation, Ltd., (hereinafter referred to as "Car & General") arising from the issuance of two insurance policies, one by the former and the other by the latter. Zurich disclaimed liability in toto and Car & General, by counterclaim, disclaimed liability until Zurich had paid the principal amount named in its policy. The District Court heard the cause upon a stipulation of facts and the pleadings of the parties. It entered a decree finding Zurich liable to the extent of its policy, and Car & General liable only as an "excess insurer" over and above the limits of Zurich's policy. The appeal is from this decree, thus adjudicating the rights and liabilities of Zurich and Car & General.

On March 11, 1939, Zurich issued its policy of insurance to one James Dottini, insuring him against liability for personal injuries arising out of the operation of a named automobile. The policy also contained a so-called omnibus clause which extended the coverage to any person "while using the automobile * * * with the permission of the named assured." The omnibus clause was not applicable to "any person * * * with respect to any loss against which he has other valid and collectible insurance." On January 28, 1939, Car & General issued its policy of insurance to one James Clamor, insuring him against liability by reason of the operation of a certain automobile, which policy remained in force in the same form until June 7, 1939. On the latter date there was attached to this policy what was entitled "Drive Other Private Passenger Automobiles Endorsement." By this endorsement, Clamor's coverage was extended to include the driving of an automobile other than the one mentioned in the policy, with certain exceptions, among which are: (b) Such use is with the permission of any person having the right to grant such permission, and (e) the insurance shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder.

On February 4, 1940, Clamor, while driving an automobile owned by Dottini. and covered by the Zurich policy, struck and injured the defendant Rose Hyman. At the time of the accident Clamor was driving the car with Dottini's permission. Thereafter, Rose Hyman brought suit in the Superior Court of Cook County for damages alleged to have been the result of Clamor's negligence in the operation of the car. The essential controversy presented by the instant appeal is, which of these insurance companies is liable for damages which may be awarded against Clamor.

That each of said policies was in force at the time of the accident is not questioned. It is also beyond dispute that either of said insurers would be liable except for the policy of the other. Both endeavor to justify their respective positions by the exception provision of their policies. Zurich argues that Clamor, because of his contract with Car & General, had "other valid and collectible insurance" and, therefore, was not covered by Zurich. On the other hand, Car & General argues that because of the coverage afforded Clamor by Zurich, he had "other valid and collectible insurance" and, therefore, it is liable only as an excess insurer, i. e., Zurich is liable for the amount of its policy, and that Car & General is liable, if at all, only for an amount in excess of Zurich's liability.

The old controversy as to which came first, the hen or the egg, would be almost as easy of solution as the instant problem. Much of the argument is devoted to the point as to which of the policies first covered Clamor. Each of the insurers claims it was the policy of the other. This point, no doubt, is regarded as material for the reason that there is a line of authorities which fix liability upon the insurer which first covered the risk. Gutner v. Switzerland General Ins. Co. of Zurich, 2 Cir., 32 F.2d 700; New Amsterdam Casualty Co. v. Hartford Accident & Indemnity Co., 6 Cir., 108 F.2d 653; Michigan Alkali Co. v. Bankers Indemnity Ins. Co., 2 Cir., 103 F.2d 345, 347. From a memorandum opinion it appears that the District Court embraced this theory in deciding the case. It concluded that Zurich, when it issued its policy on March 11, 1939, insured not only Dottini, but a class of persons, one of whom was Clamor, and that Car & General later covered the risk by the endorsement of its policy added June 7, 1939.

We need not discuss this theory for the reason that in our judgment the premise for its application does not exist. In determining which of the companies first insured the risk, it is important to keep in mind that the risk was the driving of the car by Clamor which caused the damages. No doubt Zurich, on March 11, 1939, when it issued its policy to Dottini, assumed his risk in the operation of the car mentioned in the policy. Its risk, however, as to any other person was conditioned upon the premise that such other person drive the car "with the permission of the assured." When the policy was issued there was no way of determining when, if ever, such condition would be complied with so as to make the risk applicable to such other person. The most that may be said concerning Zurich's responsibility to another person at the time of the issuance of its policy was that it proposed to assume a risk, the consummation of which could be effected only by the happening of a subsequent event. That event, in the instant situation, was the driving of Dottini's car by Clamor with the former's consent. At that time and not before was Clamor afforded any protection by the terms of the Zurich policy. This, in effect, is the argument advanced by Zurich which we think is tenable.

The argument proceeds that Zurich is not liable because Clamor at this time had "other valid and collectible insurance." This contention is based upon the assumption that Clamor was covered by Car & General's endorsement added to its policy June 7, 1939. In other words, that the latter's coverage having first become effective, Zurich is not liable because of the provision in its policy as to "other valid and collectible insurance." The premise upon which this contention is predicated ignores the following provision in Car & General's endorsement: "Such use is with the permission of any person having the right to grant such permission." That is, Car & General assumed the risk incident to Clamor's driving a car other than his own only when he had the prescribed permission. In other words, Car & General's risk, in the instant situation, came into existence by the happening of the same event which brought Zurich's risk into existence, i. e., the driving by Clamor of the automobile which caused the damages, with the permission of the owner or the one authorized to grant such permission. It is true, as pointed out, that Clamor, as to Car & General, was the named assured, while as to Zurich, he was not so named, but only one of a class to which Zurich's risk might attach. We do not perceive how this distinction can make any difference as to the time the risk, assumed by the respective insurers, came into existence. We think the soundness of this conclusion is demonstrable by assuming that Clamor had driven the car without Dottini's consent. Under such circumstances, no one would contend that Zurich was liable. No risk under its policy had been consummated. Can anything different be said of Car & General? Under the plain language of its endorsement, its risk

720

would not have attached and there would have been no liability. The liability for Clamor's negligence, under each policy, having attached by reason of the performance of a single act on his part, we are of the opinion that neither insurer can claim any advantage by reason of the other having first assumed the risk.

While not decisive, this conclusion is, we think, of persuasive importance. No contention is made—in fact, no plausible contention could be made,—but that the liability was covered by one or both of the insurers. In other words, the "other insurance" provision in both policies can not be utilized to eliminate the protection afforded thereby. To do so would relieve both of liability. A decision must rest upon a construction of the language employed by the respective insurers. Zurich affords no protection where there is "other valid and collectible insurance." Car & General provides "the insurance shall be excess insurance over any other valid and collectible insurance." It will be noted that the language employed by Zurich in this respect is general in its nature, while that employed by Car & General is specific, or, at any rate, more specific than Zurich.

There is no case, so far as we are aware, where the precise question has been decided. There are cases [1] which have held or indicated, under somewhat similar circumstances, that the specific language is controlling over the general. We think that construction should be applied in the instant situation. Any other construction would ignore the specific language employed by Car & General. The "excess insurance" provided by the latter is not "other insurance" required by Zurich. We think the logic of this reasoning is made apparent by assuming that neither of the policies contained an "other insurance" provision, or that both policies contained an "other insurance" provision in exactly the same language. It could not be seriously argued, in our opinion, but that under either of such situations the two insurers would be liable in proportion to the amount of insurance provided by their respective policies. Here, however, as pointed out, the "other insurance" provision of the two policies is different. In order to give effect to such difference, it is logical to conclude that Zurich is liable to the extent named in its policy, and that Car & General is liable only for any excess over that provided by Zurich.

It follows that while we have adopted a theory different from that employed by the District Court, we arrive at the same conclusion. The judgment of the District Court is therefore affirmed.

---

[1] St. Paul Fire & Marine Insurance Co. v. Garza County W. & M. Ass'n, 5 Cir., 93 F.2d 590, 592; Continental Casualty Company v. Curtis Publishing Co., 3 Cir., 94 F.2d 710, 711; Michigan Alkali Co. v. Bankers Indemnity Co. et al., 2 Cir., 103 F.2d 345, 347.