[Civ. No. 16915.   Second Dist., Div. Two.   Apr. 5, 1949.]

AIR TRANSPORT MFG. CO., LTD. (a Corporation) et al., Respondents, v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED (a Corporation), Appellant.

Crider, Runkle & Tilson for Appellant.

Vernon Bettin and Jennings & Belcher for Respondents.

WILSON, J.—This is an action for declaratory relief to determine which, if either, of two insurers against public liability is liable to plaintiffs on claims for damages arising out of an automobile accident.

The trial court adjudged that (1) defendant Pacific Indemnity Company is exonerated from liability by reason of

the fact that plaintiff Air Transport Manufacturing Company, Limited failed to comply with the provisions of a condition of the policy covering notice to the insurer, and (2) defendant The Employers' Liability Assurance Corporation, Limited, is obligated under its policy of insurance to defend plaintiffs and to pay on their behalf one half of all sums which the plaintiffs shall become obligated to pay arising out of the claims, not exceeding the sum of $25,000.

Plaintiffs have not appealed from that portion of the judgment exonerating Pacific Indemnity Company from liability. Employers' have appealed from the judgment holding it liable on its policy.

On December 5, 1944, Employers' issued a public liability policy to American U-Drive Truck Rentals Company with a limit of $25,000 as to the claim of one injured person. The policy contained what is commonly called an "Omnibus Clause" which extended the coverage of the policy with respect to the use of automobiles to any person using a car owned by U-Drive with its permission. The policy also contained the following clause: "8. OTHER INSURANCE. If other valid insurance exists protecting the Insured from liability for such bodily injury, sickness, disease or death or such injury to or destruction of property, this policy shall be null and void with respect to such specific hazard otherwise covered, whether the Insured is specifically named in such other policy or not; provided, however, that if the applicable limit of liability of this policy exceeds the applicable limit of liability of such other valid insurance, then this policy shall apply as excess insurance against such hazard in an amount equal to the applicable limit of liability of this policy minus the applicable limit of liability of such other valid insurance."

On October 1, 1944, Pacific Indemnity Company issued a comprehensive liability policy to Air Transport covering all its operations, with a limit of $25,000 with respect to injuries of one person. One of the conditions of that policy is as follows: "12. OTHER INSURANCE. If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

On July 18, 1945, Air Transport rented a Dodge truck from American U-Drive and on the same day, plaintiff L. O.

Swerdlow, an employee of Air Transport, while driving the truck was involved in an accident resulting in personal injuries to one Morales.

■ It is the contention of appellant that its policy never covered respondents because they had "other valid insurance" which consisted of the Pacific Indemnity policy and that under clause 8 of appellant's policy the omnibus clause became void as to respondents. This contention is correctly and ably answered in the memorandum decision of the trial judge, the Honorable Philip H. Richards, and so much of that decision as is applicable to this appeal, reading as follows, is hereby adopted as the opinion of this court:

"To determine the liability of Employers' at this time, if any, we must first determine the respective liabilities, if any, of Employers' and Pacific Indemnity at the date of the accident.

"In *Kearns Coal Corp.* v. *U. S. Fidelity & Guaranty Co.*, 118 F.2d 33, the Second Circuit Court points out that these 'concurrent insurance' clauses afford an excellent opportunity for circular reasoning, which proceeds like this: That if or since A is not bound, B is; and vice versa. In *Zurich General Accident & Liability Ins. Co.* v. *Clamor*, 124 F.2d 717, the Seventh Circuit Court says: 'The old controversy as to which came first, the hen or the egg, would be almost as easy of solution as the instant problem', referring to the effect of such concurrent insurance clauses. The court in the Zurich case further points out that such clauses in both policies cannot be used to make neither carrier liable.

"There is considerable confusion in the relatively few cases where the problem has arisen. There is one line of authorities which fixes liability upon the insurer which first covered the risk. (*New Amsterdam Casualty Co.* v. *Hartford Accident & Ind. Co.*, 6 Cir., 108 F.2d 653; *Michigan Alkali Co.* v. *Bankers Indemnity Co.*, 2d Cir., 103 F.2d 345.) It seems to the court that this is more a rule of convenience than of reason. As pointed out in *Zurich General Accident & Liability Ins. Co.* v. *Clamor*, 7 Cir., 124 F.2d 717, in case of a policy issued to a car owner carrying an omnibus clause giving protection to the operator of the car with the owner's consent, the consummation of the risk as to the third person arises only when such third person operates the car with the owner's consent. In the case of a policy covering the named assured in the operation of a car of another, the consummation

of the risk arises only when the assured operates the third person's car with consent. Applied to the instant case, Employers' risk as to the operation of the Dodge by Air Transport attached when U-Drive permitted plaintiff to hire and operate it. Pacific Indemnity's risk as to the operation of the Dodge attached when plaintiff commenced to operate it with the consent of U-Drive. Liability for Swerdlow's negligence, if any, under each policy having attached by reason of the performance of the same act, neither insurer can claim the other had first assumed the risk.

"Another line of authorities holds that each insurer is primarily liable for the losses of its named assured and secondarily liable as an excess carrier for other losses. (*Gutner* v. *Switzerland General Ins. Co.*, 2 Cir., 32 F.2d 700; *Maryland Casualty Co.* v. *Bankers' Indemnity Co.*, 51 Ohio App. 323 [200 N.E. 849]; *Commercial Casualty Ins. Co.* v. *Hartford Accident & Indemnity Co.*, 190 Minn. 528 [252 N.W. 434, 253 N.W. 888].) This principle cannot apply in California for the reason that there is no such thing as primary and secondary liability as between a vehicle owner and the operator thereof with permission. (*Consolidated Shippers, Inc.* v. *Pacific Employers Ins. Co.*, 45 Cal.App.2d 288 [114 P.2d 34].)

"The court believes that the liability of Employers', if any, must be determined from a proper construction of the language of the escape clauses or conditions of both policies. Employers' Condition 8 provides that if the insured has 'other valid insurance', its policy shall become null and void, but that if the liability limit of the policy exceeds the liability limit of other valid insurance, then its policy applies as excess insurance. By Condition 12, the Pacific Indemnity policy provides only pro rata coverage if Air Transport had 'other insurance'. Under certain conditions, not here applicable, such policy provides for excess insurance.

"Is the pro rata insurance afforded by the Pacific Indemnity policy 'other valid insurance' so as to totally void Employers' liability? 'Valid' is defined in Webster's New International Dictionary, second edition, as 'efficient; effective; accomplishing what is claimed or intended.' In *Zurich General etc.* v. *Clamor, supra,* it was held that excess insurance provided by one policy was not 'other valid and collectible insurance' so as to release liability under another policy.

"The court concludes that under the terms of Employers' Condition 8 the only other insurance which would have completely released Employers' from liability would have been

an unconditional coverage of the loss even though limited as to amount. But the Pacific Indemnity policy afforded only a pro rata coverage and this was not an effective coverage, i. e., it was not 'other valid insurance' within the meaning of the terms of Condition 8. Therefore, Employers' policy did not become 'null and void'.

"The remaining question is the extent of Employers' liability. At the time the loss occurred, Pacific Indemnity had a pro rata liability. The limit of liability of each policy for the death or injury to one person being in the same amount, Pacific Indemnity was therefore liable for one half the coverage. To this extent and to this extent only, Air Transport had 'other valid insurance.' To give effect to the differences in the two conditions it is logical to conclude that Employers' is liable for such coverage as was not afforded by Pacific Indemnity at the time of the accident, viz., one half.

"In *Zurich General etc.* v. *Clamor, supra,* in a well-reasoned opinion, the court held that where the policy of company Z afforded no protection where there was 'other valid and collectible insurance' and the policy of company C afforded only excess insurance over other insurance, such excess insurance was not 'other valid and collectible insurance' required by the policy condition of company Z, and concluded that company Z was liable to the limit of its policy and company C was liable for any excess. At page 720 the court said: 'There is no case, so far as we are aware, where the precise question has been decided. There are cases which have held or indicated, under somewhat similar circumstances, that the specific language is controlling over the general. We think that construction should be applied in the instant situation. Any other construction would ignore the specific language employed by Car & General. The ''excess insurance'' provided by the latter is not ''other insurance'' required by Zurich. We think the logic of this reasoning is made apparent by assuming that neither of the policies contained an ''other insurance'' provision, or that both policies contained an ''other insurance'' provision in exactly the same language. It could not be seriously argued, in our opinion, but that under either of such situations the two insurers would be liable in proportion to the amount of insurance provided by their respective policies. Here, however, as pointed out, the ''other insurance'' provision of the two policies is different. In order to give effect to such difference, it is logical to con-

clude that Zurich is liable to the extent named in its policy, and that Car & General is liable only for any excess over that provided by Zurich.' To the same effect, upon substantially the same policy conditions, is the case of *Michigan Alkali Co.* v. *Bankers Indemnity Co.*, 103 F.2d 345.

''While the conditions of the policies were different in the above cases, the reasoning therein appears to be inescapable, and when applied to the instant case results in the placing on Employers' such liability as was not supplied by the coverage of the Pacific Indemnity policy, which because of equal liability limits is one half.''

We conclude, as did the trial court, that Employers' is obligated to defend plaintiffs on the claims of Morales and to pay on behalf of plaintiffs one half of all sums which they shall become obligated to pay on account of such claims, not exceeding one half of the applicable limit of liability.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1949.