## MANUFACTURERS CASUALTY INS. CO. v. GREAT AMERICAN INDEMNITY CO.

### Civ. A. No. 10679.

United States District Court
E. D. Pennsylvania.
June 20, 1950.

John B. Martin, Philadelphia, Pa., for plaintiff.

Axelroth & Porteous, Philadelphia, Pa., for defendant.

CLARY, District Judge.

Presently before me is a motion for leave to amend the answer to a complaint for declaratory judgment. The complaint was filed on February 28, 1950 and the answer was filed on March 22, 1950. Paragraph 5 of the complaint reads as follows: "At the time of said collision, the said Cadillac was operated by one Samuel Fuchs, who, as President of Thermal Belt Resorts, Inc., had obtained permission from it owner to use said Cadillac and was then and there acting in the course of his employment, within the scope of his permission and authority, and furthering the business and affairs of Thermal Belt Resorts, Inc." In the answer to the complaint, Paragraph 5 was admitted. After the filing of the complaint and answer, defendant moved to dismiss the action, moved for an order directing plaintiff to summon a third Insurance Company as an additional de-

fendant, and moved for summary judgment. Plaintiff also moved for summary judgment on the ground that there is no genuine issue of material fact in this proceeding and that it is entitled to judgment on the pleadings as a matter of law. On June 8, 1950, while the Court held the foregoing motions under advisement, attorney for the defendant presented this motion in which he states that through lack of detailed information of the matters averred in the 5th Paragraph of the complaint, at the time of filing of the answer he omitted a defense which he now wishes to assert in the amended answer.

This proceeding for a declaratory judgment was instituted to have determined the respective liabilities of two insurance companies arising out of an accident which took place in Arizona. Various suits and cross suits were instituted in Arizona as a result of that accident. At the outset of these proceedings for declaratory judgment, counsel for the defendant argued that while this Court has jurisdiction over the parties and the subject matter of the declaratory judgment proceedings, the forum was not a convenient one inasmuch as all the matters took place in Arizona and all the parties were to be found in Arizona. Counsel did not press that argument beyond stating that he was at a disadvantage with respect to obtaining information. Subsequent developments proved his contention to be correct. On the basis of what has proved to be incomplete information, counsel for defendant admitted the aforementioned Paragraph 5 of the complaint. Since filing that answer, counsel asserts that he has received more detailed and more accurate information from his client and that he, therefore, cannot properly admit the allegations of said Paragraph 5.

Motions for leave to amend pleadings are addressed to the discretion of the Court. Ordinarily, I would not be inclined to grant leave to amend pleadings after a delay of over two months, as we have here. However, in light of the peculiar circumstances, viz., the inconvenience of attorney and client dealing by mail over great distances, the unavailability of witnesses, and in view of the defense which counsel for the defendant now desires to assert, I am of the opinion that this motion should be granted.

The substance of the amendment which counsel for the defendant seeks to make to his answer is that while Fuchs was operating the subject automobile on the business of the Thermal Belt Resorts, Inc., of which he was President, he did not obtain the use of the automobile from its owner in his capacity as President of the Corporation, but rather on the basis of and as a result of the personal friendship existing between the owner of the automobile and said Samuel Fuchs. In my estimation, that amendment would present a very material issue of fact, and one which would have a great bearing upon the respective liabilities of the two insurance companies here concerned in light of the provisions of the policy issued by the defendant, Great American Indemnity Company. Plaintiff asserts that defendant insurance company's policy affords concurrent primary coverage with that afforded by plaintiff's policy. The determination of the type of coverage under the Great American policy seems to depend principally upon whether this was a non-owned automobile within the meaning of Clause 13 of the Conditions. The first paragraph of Clause 13 provides: *"Other Insurance.* If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to such automobile or otherwise." Within the ordinary meaning of plain language, it is clear that the automobile involved was a non-owned automobile and Clause 13 specifies that in such case Great American's

coverage is excess over that of any other valid or collectible insurance.

Plaintiff contends that the automobile involved in this accident was not a non-owned automobile and that Clause 13 of defendant's policy is not applicable and the coverage afforded by Great American's policy is primary and concurrent with that of Manufacturers Casualty. Plaintiff bases its contention largely upon the definitions set forth in defendant's policy. Automobiles are separated into three categories: (1) "Owned"; defined as any automobile owned by the named insured. (2) "Hired"; an automobile used under contract in behalf of, or loaned to, the named insured, with certain exceptions not here important. (3) "Non-owned Automobiles"; defined as any other automobile. Plaintiff takes the definition of non-owned automobile and attempts to show by the definition of hired automobile, which includes loaned automobiles, that this is not a non-owned automobile. Therefore, argues the plaintiff, the provisions of Clause 13 do not apply, and under the terms of coverages A and C of the insuring agreements, Great American's policy provides concurrent primary coverage.

Plaintiff's interpretation of the words "non-owned" appear to me strained and technical in the extreme, and I have read the provisions of the Great American policy in the same technical light. Plaintiff, as before stated, puts great store in the terms "non-owned" and "hired" automobiles as defined in the Great American policy. Doing the same, I find that an owned automobile is any automobile owned by the *named* insured, a hired automobile is any automobile hired under contract in behalf of the *named* insured, and any automobile loaned to the *named* insured. A "non-owned" automobile is defined as any other automobile. It is noted from the foregoing definitions that the various categories of automobile are defined in terms of relationship to the *named* insured, Thermal Belt Resorts, Inc. Technically, therefore, a hired automobile is one which was hired to the *named* insured, or loaned to the *named* insured, and if a particular automobile does not fit in that classification

or in the classification of "owned" automobile, it is relegated to the catch-all category, "non-owned".

The all important question, therefore, is: Was this automobile loaned to the named insured? The determination of that issue will have a very important bearing upon the decision asked for in the complaint for declaratory judgment. It is to that issue that defendant's motion for leave to amend its answer is directed. Defendant's counsel now seeks to deny, after receipt of more detailed information from his client, that this automobile was loaned to Fuchs in his corporate capacity. What the true facts are in that respect we have no way of knowing at this time. If defendant can prove that the automobile was loaned to Fuchs personally, even if he used it on the business of the corporation, it may be that in legal contemplation, the automobile was not "loaned to the named insured", i. e., the Thermal Belt Resorts, Inc. If this automobile was not loaned to the corporation then it does not come within the definition of "hired" automobile under the terms of the Great American policy and it would, therefore, be relegated to the category of "non-owned" automobile. As before indicated, if it is a non-owned automobile, then Great American's coverage is excess over that of Manufacturers Casualty's. It is clear from the foregoing discussion, therefore, that the Court cannot make a proper decision in the declaratory judgment proceeding without a full presentation of the facts surrounding the loan of the car to Fuchs. Since the determination of those facts will have such an important bearing upon the decision in the declaratory judgment proceeding, I feel that defendant's motion for leave to amend its answer should be granted and I make the following

### Order

And Now, to wit, this 20th day of June, 1950, for the reasons set forth in the foregoing Memorandum Opinion, it is

### Ordered, Adjudged And Decreed

that defendant's motion for leave to amend answer to complaint for declaratory judg-

ment be and it is hereby Granted.

It is further Ordered that defendant's motion to dismiss, motion for an order directing plaintiff to summon an additional defendant, and motion for summary judgment, and plaintiff's motion for summary judgment, be and they are hereby Dismissed without prejudice.