The **CANADIAN INDEMNITY COM-PANY**, a corporation, Plaintiff,

v.

**OHIO FARMERS INDEMNITY COM-PANY**, a corporation, John Doe, and all other underwriters at Lloyd's London subscribing to Lloyd's Policy No. EB32914-C; Richard Roe and all other underwriters at Lloyd's London subscribing to Lloyd's Policy No. EB32913-L, Defendants.

No. 34158.

United States District Court
N. D. California, S. D.
April 20, 1956.

---

4. 18 U.S.C. § 1(1); 26 U.S.C. § 5632, I.R.C.1954.

Edward A. Friend, San Francisco, Cal., for plaintiff.

Leo J. Walcom, San Francisco, Cal., for defendant Ohio Farmers Indemnity Company.

Lloyd M. Tweedt, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., for defendants Underwriters at Lloyd's.

HAMLIN, District Judge.

Complaining of personal injuries suffered in a certain store on September 17, 1954, one Virginia Christensen began an action against the owner of the store, Louis Stores, Inc. and one of its employees, Clifton Land, among others. Her original complaint was filed on January 31, 1955, and an amended complaint was filed on March 9, 1955, in which she alleged that each of the above defendants negligently operated and maintained the store and a certain aisle therein, proximately causing her injuries. Louis Stores, Inc. and Land answered the complaint on March 14 and March 23, respectively, denying negligence and alleging contributory negligence on the part of Christensen. A trial was had before a jury which returned its verdict in favor of the plaintiff and against Louis Stores, Inc. and Land for $35,000, and judgment was entered against these defendants in this amount. That judgment has now become final. The present action was begun when Canadian Indemnity Company filed a complaint against Ohio Farmers Insurance Company on October 28, 1954, asking for declaratory relief as to the rights of the parties regarding the liability of Louis Stores, Inc. An amended complaint seeking the same relief was filed on January 5, 1955 against Ohio and two groups of underwriters at Lloyd's London who had excess coverage on Louis Stores, Inc. above the Ohio policy.

The plaintiff in this action contends that the verdict against Louis Stores, Inc. was rendered solely on the theory of *respondeat superior*, and that therefore under the doctrine of Canadian Indemnity Co. v. United States Fidelity & Guaranty Co., 9 Cir., 213 F.2d 658, the employer Louis Stores, Inc. can recover from its employee Land on the ground that Land's negligence was the sole cause of the accident. The defendant contends that there is no way of determining whether the finding of the jury was on the basis of Land's sole negligence or whether the jury's finding was that each party was independently negligent. The accident occurred between 7 and 9 p. m., when the plaintiff tripped over a carton of bottled water which had been left in an aisle in a market operated by Louis Stores, Inc. At that time, Land was the only adult employee on duty and his primary duties, according to his testimony, required his attendance at the check stand where customers were receiving their purchases. While attending his duties at the check stand he had allowed the offending carton which had been placed there by a courtesy boy, a minor, to remain in the aisle. From the evidence presented, the Court is unable to

say that the finding of *respondeat superior* was the only finding that could have been made. The jury may have found Louis Stores, Inc. negligent in not providing enough employees or in not properly instructing its employees what to do. There was enough evidence on which to base such a finding, and the jury were instructed that they could return a verdict against Louis Stores, Inc. and not against Land. The evidence at the trial could not remove the possibility that the jury made a finding that each defendant was independently negligent.

■ Plaintiff further relies for recovery upon establishing that Land was an insured under the Ohio Farmers policy. Land was not included in the definition of the insured in that policy [1], and from a reading of Endorsement #4 of that policy [2] it would appear that Land had no right against Ohio Company to insist that he was insured or that coverage be extended to him or that certain benefits of the policy would flow to him.

Endorsement #4 further provided that there was no privity of contract between Land and Ohio. From the language of the policy, the Court cannot find that Land is an insured under that policy.

■ The language of the Canadian and Ohio policies with respect to other insurance is identical with that involved in Air Transport Mfg. Co. v. Employers' Liability Assur. Corp., 91 Cal.App.2d 129, 204 P.2d 647, in which the Court held that the liability of the insurer should be prorated. This is also the rule of Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., 9 Cir., 195 F.2d 958. Therefore, it is the opinion of this Court that the rights of the parties in respect to the liability of Louis Stores, Inc., is that Canadian pay ten-elevenths of any judgment, and Ohio pay one-eleventh. Since the two policies of Lloyd's are effective only after the Ohio policy is exhausted, the Lloyd's policies are not liable at all in the situation presented here.

1. The Ohio Farmers policy reads as follows, in material part:

"Item 1. Name of Insured Louis Stores, Inc. * * *

"Insuring Agreements. * * * III. Definition of Insured. The unqualified word 'Insured' includes the Named Insured and also includes (1) under Coverages B and D, any partner, executive officer, director, or stockholder thereof while acting within the scope of his duties as such, and (2) under Coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission, and any executive officer of the Named Insured with respect to the use of a non-owned automobile in the business of the Named Insured. * * *"

2. "*Defense of Employees*

"1. The company will defend, *if and when requested in writing to do so by the Named Insured* in the name and on behalf of any employee of the insured, any suit alleging Bodily Injury death or any set [sic] covered by this policy or any endorsement attached thereto, and will *pay all costs taxed against such employee* in any suit, provided, however,

that the Named Insured either is joined or if not joined, could properly have been joined as defendant in such suit, and provided further, that the suit either is one which this company is obligated under said policy to defend on behalf of said Named Insured, or is one which this company would have been so obligated to defend if said named insured had been joined as a defendant.

"2. The Company will also pay any loss by liability imposed upon any said employees by final judgment in any *such suit* and will pay all interest accruing after entry of said final judgement upon such part of same as is not in excess of the Company's limits of liability as specified in the Declarations.

"3. It is understood and agreed that this Policy of Insurance *is a contract between the Ohio Farmers Indemnity Company and the Named Insured and that nothing herein shall be construed as creating any privity of contract between the Ohio Farmers Indemnity Company and any employees of the Named Insured, nor shall this paragraph confer any rights upon said employees which said employees would not have had if this paragraph had not been written. * * *"* [Emphasis supplied]