[Civ. No. 18439. First Dist., Div. One. May 27, 1959.]

FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY (a Corporation), Appellant, v. CONTINENTAL CASUALTY COMPANY (a Corporation), Respondent.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Wilbur J. Russ for Appellant.

Carroll, Davis, Burdick & McDonough and J. D. Burdick for Respondent.

BRAY, P. J.—Plaintiff appeals on an agreed statement from judgment in favor of defendant.

## QUESTION PRESENTED

Whether the insurance policies in question create a situation of "prorate" coverage or primary and "excess" coverage.

## FACTS

Plaintiff issued an "Automobile Policy" providing liability insurance coverage for trucks registered in the name of Robert Sloan, in the amounts of $25,000 for each person, $50,000 each occurrence, for bodily injury, and $10,000 for property damage. Persons operating these trucks were additional assureds. Sloan leased a truck to Nesbitt Fruit Products, Inc. Buchanan, who was operating the truck, was an additional insured under plaintiff's policy. Defendant had issued a "Comprehensive General-Automobile Liability Policy" to Nesbitt, with bodily injury limits of $300,000 each person and each occurrence, and property damage of $100,0000. The policy covered hired trucks and drivers thereof. Thus Buchanan was an assured under this policy. Buchanan, driving the hired Sloan truck, was involved in an accident with Robert George. George subsequently obtained judgment against Buchanan for negligent operation of the truck, against Nesbitt under *respondeat superior*, and against Sloan as truck owner (under Veh. Code, § 402) for $4,391.20 for personal injuries and $725.05 property damage. Plaintiff paid the judgment and then sought proration in this action. The court held that plaintiff was liable for the full amount of the George judgment. Each insurer admits that in the absence of the other it would be liable under its respective policy for the full amount of the George judgment.

## IS PRORATION REQUIRED?

Each policy contains an "other insurance" provision. Each policy provides that if the insured has other "valid and collectible insurance" the particular company shall only be liable for that proportion of the loss which the limit of its

policy bears to the limit of the other company's policy, provided that as to liability occasioned by a nonowned automobile the insurance shall be "excess insurance over any other valid and collectible insurance."

Plaintiff contends that either both "other insurance" clauses must be given effect or both clauses disregarded as conflicting, and in either event proration ordered.

■ There are three types of limiting clauses in "other insurance" provisions: (1) a "prorate" clause provides for apportionment of a loss with other valid and collectible insurance; (2) an "excess" clause provides coverage for loss only in excess of other valid and collectible insurance; and (3) an "escape" clause attempts to avoid all liability where there is other valid and collectible insurance. See *Peerless Cas. Co.* v. *Continental Cas. Co.* (1956), 144 Cal.App.2d 617, 621 [301 P.2d 602], for discussion of these three types. The court there held that the court must carefully examine the language of the policies to determine which type of clause was intended. Here, admittedly, we are not concerned with the third type. The solution of the problem here depends upon the proper interpretation of the "other insurance" provisions of the two policies.

There has been a great deal of confusion in the decisions of other states in passing upon "other insurance" clauses. As stated in *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guar. Co.*, 195 F.2d 958, "These decisions point in all directions." See also 5 U.C.L.A. Law Rev., p. 157, and 5 Stanford Law Rev., p. 147, for discussion of "excess" v. "prorate," "escape" v. "prorate," "prorate" v. "prorate," "excess" v. "excess" and "escape" v. "escape" cases. Even in California there has been some conflict in the decisions on the subject. However, the exact situation which appears in our case, namely, two policies which each contain a "prorate" clause and an "excess" clause, has never been passed upon in this state.

Plaintiff relies upon the following California cases: *Air Transport Mfg. Co., Ltd.* v. *Employers Liab. etc. Corp.*, 91 Cal.App.2d 129 [204 P.2d 647]; *American Auto. Ins. Co.* v. *Seaboard Surety Co.*, 155 Cal.App.2d 192 [318 P.2d 84], and *Peerless Cas. Co.* v. *Continental Cas. Co., supra*, 144 Cal.App. 2d 617. In none of them, however, was the exact question presented that is presented here. In the Air Transport case, the Employers Liability Assurance Corporation insured the owner of the truck involved and anyone driving with the owner's permission. The only clause in its policy dealing with other

insurance was to the effect that if there were other valid insurance the policy should be null and void. In other words, this was an "escape" clause. Pacific Indemnity Company also issued a policy to Air Transport with an "other insurance" clause which provided for prorate only if there were other insurance. The court held that under the Employers' "escape" clause the only other insurance which would release it from liability would have been an unconditional coverage of the loss. As the Pacific policy afforded only a "prorate" coverage it was not an effective coverage and therefore it was not other *valid* insurance, and the Employers' policy did not become null and void. The court then held that as the limits of each policy were the same, Pacific was therefore liable for half of the coverage. Air Transport had other valid insurance to the extent of half of the loss. Hence, it held Employers liable for the coverage not afforded by Pacific, namely, one-half. Although the court was there dealing with an "escape" clause versus a "prorate" clause, rather than here a "prorate" and an "excess" clause versus a "prorate" and an "excess" clause, the ruling of the court is important here for it held, in effect, that the policies must be interpreted together, and that in order for the provision of one to be affected by the provision of the other, the other must be in a policy of *valid* insurance and the limitation in the latter policy must be considered in determining the application of the limiting clause in the first policy.

In *American Auto. Ins. Co.* v. *Seaboard Surety Co., supra,* 155 Cal.App.2d 192, the owner of certain equipment which caused a third person injury had a policy of insurance with American; the renter of the equipment had a policy with Seaboard. The American "other insurance" clause provided for "prorate" with "all valid and collectible insurance." The Seaboard policy had an "excess" clause providing coverage only above the amount of any other "good, valid and collectible insurance." (P. 199.) The court held American liable for its "prorate" portion of the loss, in that case one-half, and that to that extent it was "good, valid and collectible" other insurance within the purview of the Seaboard policy. It then held Seaboard liable for the other half of the loss, as being the "excess" over the amount of the "good, valid and collectible" insurance of the American policy. Thus, the holding is that if one policy provides for "prorate" insurance in the event of other insurance, and the other provides for "excess" insurance, the latter is liable for the amount of the loss

over and above the "prorate" share of the first policy. It should be noted that this was not a case involving liability insurance on a nonowned car on which "excess" insurance was issued. It involved a conflict between two primary policies.

In *Peerless Cas. Co.* v. *Continental Cas. Co., supra,* 144 Cal. App.2d 617, the owner of the truck causing injury held a policy of Peerless, whose "other insurance" clause provided for "prorate" if other valid insurance. The renter was insured with Continental whose "other insurance" clause of the policy was "excess" to other valid and collectible insurance. On the authority of *Air Transport Mfg. Co., Ltd.* v. *Employers Liab. etc. Co., supra,* 91 Cal.App.2d 129, the court held that the two companies should prorate the loss. This was a case of "prorate" v. "excess."

Plaintiff places great reliance upon *Oregon Auto. Ins. Co.* v. *United States Fidelity & Guar. Co., supra,* 195 F.2d 958. There, the policy insuring the owner of the automobile contained a "prorate" clause and an "escape" clause applying if the covered automobile were nonowned. The policy covering the nonowner contained a "prorate" and an "excess" clause if other insurance. The trial court concluded that the insurer of the owner had the primary liability and the insurer of the hirer was not liable on its policy until the limits of the primary policy were reached. The reviewing court held, however, that these provisions of the two policies were mutually repugnant and hence must be disregarded. It then applied the rule that where two policies cover the same risk and neither has an "other insurance" provision, the two insurers are liable to prorate in proportion to the amount of insurance provided by their respective policies. This, then, was a case of conflict between a "prorate" and "escape" policy and a "prorate" and "excess" policy. Concerning the decision in this case the court in *Peerless Cas. Co.* v. *Continental Cas. Co., supra,* 144 Cal.App.2d at page 623, said: "The Oregon case, *supra,* which involves a conflict between an escape clause and an excess clause, rejects all reasoning on the basis of which other cases grant preference to one or the other of the conflicting other insurance clauses and, holding that one cannot rationally choose between the two clauses involved, takes the position that the mutually repugnant clauses should be disregarded and prorating applied as if the policies did not contain any other insurance clauses. Although this solution seems sensible the case stands alone. The great majority of

the cases treating a conflict of an excess and an escape clause give effect to the excess clause. (See ann. 46 A.L.R.2d 1159, subd. (b) p. 1165 et seq.; 5 Stan.L.Rev. 147, 148.) The reasonings used to justify this result may not be convincing, the fact must be noted that the decisions in general show favor of excess clauses, disfavor of escape clauses.''

*Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal. App.2d 126 [298 P.2d 109], contains a situation closer to ours than that in any other California case. There the United States Fidelity and Guaranty Company issued a general liability insurance policy to Pleasant Valley. It contained a clause providing for ''prorate'' in case of ''other insurance,'' and an ''excess'' clause if the loss arose from a nonowned automobile. Cal-Farm issued an automobile insurance policy to one Brucker. Its ''other insurance'' clause provided ''prorate'' but ''excess'' insurance if the loss was caused by substitute, newly-acquired or privately owned automobiles. Brucker's employee Nungaray, driving Brucker's truck, was injured at Pleasant Valley's warehouse due to the negligence of the latter's employee Croker. ''Turning to the policies of insurance themselves, we find that both contain 'other insurance' clauses. United's 'other insurance' clause provides that its liability shall be proportionate to other valid and collectible insurance, save that in the case of loss arising out of the use of a non-owned automobile, its insurance shall be *excess* insurance only. As the truck involved in the accident was not owned by Pleasant Valley, United's insured, United's policy is excess insurance as to Pleasant Valley, and Cal-Farm's duty to defend Pleasant Valley and pay judgment in the Nungaray action is primary to the obligation of United. Cal-Farm's 'other insurance' clause likewise provides that its liability shall be proportionate to other valid and collectible insurance, save that in circumstances not applicable here, its coverage shall be *excess* coverage. Since we have already determined that Croker is an additional insured under the Cal-Farm policy, and since Croker is not insured under United's policy, Cal-Farm's obligation to defend him and pay judgment against him in the Nungaray action is also primary, for there is no other valid and collectible insurance covering him which could be prorated with the Cal-Farm insurance. Also, since United's coverage of Pleasant Valley is excess with respect to nonowned vehicles, there is no basis for apportionment with Cal-Farm's coverage of Pleasant Valley. The facts

in the instant case are readily distinguishable from those in *Air Transp. Mfg. Co.* v. *Employers' Liab. Assur. Corp.*, 91 Cal.App.2d 129 [204 P.2d 647], relied on by defendant, and that case is not authority for the proposition that Cal-Farm and United are jointly liable to defend Pleasant Valley in the Nungaray action and pay judgment therein." (Pp. 136-137.)

In the Air Transport case, *supra*, the court, instead of doing as the court did in the Oregon Auto. case, *supra*, declare the provisions of the two policies repugnant to one another, declared them consistent with one another and held that the "prorate" provision of the one policy was "other valid insurance" as to the other policy but only to the extent of half of the policy's limit of liability. Likewise in the Pleasant Valley case, *supra*, the court refused to declare the provisions of the two policies repugnant to one another, but reconciled them. So in our case the provisions may easily be reconciled. The policies now before us are practically identical in form with respect to the clauses which bear upon the rights of the parties, and are seemingly complementary to each other. Both appear to have been designed to avoid arguments such as arose in the Air Transport case, and to this end it appears that the ultimately liable tort feasor was intended to have (1) if he were the owner of the truck, full coverage if no other insurance, but if other insurance the amount of loss to be proratable with the other insurance; (2) if he were the hirer of the truck, he would have full coverage if no other insurance, but if other insurance his would be "excess" over the owner's policy.

The pertinent provisions of both policies provided in effect that generally if there was other insurance, the particular company would be liable only for a proportionate share of the loss, but for loss occasioned by trucks not owned but hired by the particular insured, the particular company would only be liable for the excess of the loss over the amount payable by the company insuring the truck's owner. Here, plaintiff insured Sloan and his driver directly, and hence had the primary liability. Defendant's liability was secondary to that and "excess" because its insured's tort feasor liability arose from the use of a nonowned car and the policy expressly provided that in that event, defendant's liability was only "excess" to that of the company insuring the car owner.

There is no conflict between the clauses of the two policies here when they are interpreted to mean (and such meaning is clear from them) that the "prorate" provisions apply when both policies are issued to the truck owner, and that the "ex-

cess" insurance provisions apply when one policy is issued to the truck owner and the other is issued to the truck hirer. So far as nonowned trucks are concerned, there is no "double coverage." When the tort feasor's liability reaches the full amount of the primary liability policy, that is, the policy issued to the truck owner, then by reason of the "excess" insurance provision of the truck hirer's policy, the liability of that policy comes into play. See *American Surety Co. of N.Y.* v. *Canal Ins. Co.*, 258 F.2d 934 (reversing the decision in 157 F.Supp. 386 (D.C.,S.C., 1957)) in which the policies contained both "prorate" and "excess" insurance clauses and the court held the nonownership policy was "excess" to the other.

While, as we have hereinbefore stated, there is considerable confusion in the authorities elsewhere as to the proper interpretation of policies containing "other insurance" clauses, it is interesting to note that the weight of authority is to the effect that where one policy covers the automobile owner and the other the automobile hirer, the "excess" clause in the latter policy is given full effect. See *Hardware Cas. Co.* v. *Massachusetts Bonding & Ins. Co.*, 129 N.Y.S.2d 304; *Farm Bureau Mut. Auto. Ins. Co.* v. *Preferred Acc. Ins. Co.*, 78 F. Supp. 561; *Benroth* v. *Continental Casualty Co.*, 132 F.Supp. 270; *American Surety Co.* v. *American Indemnity Co.*, 8 N.J. Super. 343 [72 A.2d 798]; *American Motorists Ins. Co.* v. *Weir*, 132 Conn. 557 [46 A.2d 7]; *Manufacturers Cas. Ins. Co.* v. *Great American Ind. Co.*, 91 F.Supp. 18; *United Services Automobile Assn.* v. *Russom*, 241 F.2d 296; *Travelers Indemnity Co.* v. *State Automobile Ins. Co.*, 67 Ohio App. 457 [37 N.E.2d 198]; *Allstate Insurance Co.* v. *Urban*, 15 Ill. App.2d 386 [146 N.E.2d 387].

 Considering both policies in our case, it seems that neither insurer contemplated that it would be liable proportionately in the event of loss arising out of the use by the insured of a nonowned vehicle, where there is other valid and collectible insurance. The "prorate" clause in plaintiff's policy is not invalidated, it is merely inapplicable. Up to the limits of its liability, there is no "other insurance" in view of the limitations of defendant's "other insurance" clause. However, defendant does not necessarily "escape" liability, for if plaintiff's coverage is exhausted, defendant's "excess" coverage will be available to the assured. This is in accord with the cases considering this particular situation. Accordingly, de-

.fendant is under no obligation to contribute any. amount in respect to the judgment paid by plaintiff.

The judgment is affirmed.

Wood (Fred B.), J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1959.