[Civ. No. 21258. Second Dist., Div. Three. June 8, 1956.]

PLEASANT VALLEY LIMA BEAN GROWERS AND WAREHOUSE ASSOCIATION (a Corporation), Respondent, v. CAL-FARM INSURANCE COMPANY (a Corporation), Appellant.

Moss, Lyon & Dunn, George C. Lyon and Gerold C. Dunn for Appellant.

Early, Maslach, Foran & Williams as Amici Curiae on behalf of Appellant.

Hunter & Liljestrom for Respondent.

SHINN, P. J.—This is an appeal by defendant Cal-Farm from a declaratory judgment determining its obligations under an automobile liability insurance policy issued by it

to one Brucker. The judgment requires defendant to defend, on behalf of plaintiff and Croker, an employe of plaintiff, an action for personal injuries brought against plaintiff and Croker by one Nungaray, an employe of Brucker; it further requires defendant to pay, within the limits of its policy, any final judgment in favor of Nungaray which might result from such action; and it further holds that defendant's obligations under its policy are primary to the obligations of United States Fidelity and Guaranty Company, which issued a comprehensive-general automobile liability insurance policy to plaintiff.

The rather involved factual situation presented here arose in the following manner. On March 12, 1953, plaintiff purchased from United States Fidelity and Guaranty Company (hereinafter referred to as United) a liability insurance policy whose pertinent provisions will be set forth. The policy provided for limits of liability for bodily injury of $100,000 for each person and $300,000 for each accident. It required United "to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident." It obligated United to defend any suit against plaintiff alleging such injury, sickness or disease, etc., and provided that: "If the Insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to such automobile or otherwise."

On April 10, 1953, defendant issued an automobile liability insurance policy to Brucker. This policy likewise provided for limits of liability for bodily injury of $100,000 for each person and $300,000 for each accident. It required defendant "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, because of bodily injury, sickness or disease, including death at any time result-

ing therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.'' (The use of the automobile according to the policy ''includes loading and unloading thereof.'') Defendant agreed to defend any suit against Brucker alleging such injury, sickness or disease, etc., and contained an ''omnibus clause'' extending insurance protection as follows: ''With respect to the insurance afforded for liability, the unqualified word insured includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.'' The policy contained an ''other insurance'' clause similar to the clause quoted above from plaintiff's policy, provided, however, that the policy would be excess insurance as to other insurance covering substitute automobiles, newly acquired automobiles and privately owned automobiles. In addition, defendant's policy specifically excluded coverage for ''bodily injury to, sickness, disease or death of any employee of the insured, while engaged in the employment, other than domestic of the insured, or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law; nor to any obligation for which the insured or any company, as his insurer, may be held liable under any workmen's compensation law. . . .''

On November 9, 1953, both policies were in full force and effect. On that date, one Nungaray, an employe of Brucker, was driving a 2½-ton G.M.C. truck owned by Brucker and scheduled in Brucker's policy with defendant. Nungaray drove the truck, which was loaded with lima beans, to plaintiff's warehouse in Oxnard in order to unload the beans in plaintiff's warehouse pits. The United policy covered plaintiff's warehouse operations.

What happened at plaintiff's warehouse that day was stipulated to at the trial of this action. Nungaray drove the truck to the rear of the warehouse and backed it onto a platform so that the front of the truck could be elevated enough to allow the beans to slide out from the rear of the truck into a bin. Nungaray was directed to the platform by one Croker, plaintiff's employe. Before this, Croker had placed two wooden blocks in front of two stationary blocks attached to the platform, so that the truck's rear wheels

would rest against the wooden blocks and allow the front of the truck to be elevated in such a manner that the overhanging rear end of the truck would be directly over the warehouse pit and allow the beans to flow into the pit. The wooden blocks were used to prevent the rear end of the truck from extending beyond the bean pit. After Nungaray had backed the truck onto the platform, the truck was in such a position that its rear dual wheels rested against the two wooden blocks. Nungaray turned off the motor and descended from the truck. Croker then operated separate machinery located inside the door of the warehouse and raised the front end of the platform about 30 degrees, which permitted the beans to slide into the pit. As a few beans remained in the bottom of the bed of the truck, Nungaray obtained a broom from the warehouse, and stationed himself at the rear of the truck, and with one leg over a pipe railing at the edge of the bean pit, reached into the bed of the truck to sweep out the remaining beans. While he was in this position, the truck moved backwards, and the rear dual wheels of the truck moved up over the wooden blocks placed by Croker, over the concrete platform, and pinned Nungaray between the rear of the truck and a concrete wall, causing severe injuries.

Within one year of the accident, Nungaray filed an action for damages in the Ventura County Superior Court, naming as defendants Pleasant Valley (plaintiff herein) and its employe Croker. In his complaint Nungaray alleged that "the defendants" (Pleasant Valley and Croker) were negligent in the following particulars, to wit: In constructing and placing the wooden blocks, in failing to remove the wooden blocks prior to the unloading operation, and in failing to warn Nungaray that the wooden blocks were likely to cause the truck to back up when in an elevated position. The prayer was for over $78,000.

Upon service of the Nungaray complaint, United took over the defense of that action on behalf of Pleasant Valley and Croker, the defense of Croker being a courtesy defense only, he not being an insured under the United policy. Counsel for United tendered their defense of the Nungaray action to defendant herein, but Cal-Farm refused to defend, denying any coverage under its policy with Brucker to either party. Thereupon Pleasant Valley brought this declaratory relief action to determine its rights under defendant's policy with Brucker; defendant cross-com-

plained, seeking a determination of the rights of all parties concerned arising from both the Brucker policy and Pleasant Valley's United policy. Croker was permitted to file a complaint in intervention, seeking a determination that he is an insured under the terms of the Brucker policy. Trial was had on a stipulation of facts, and resulted in the judgment set forth above.

Two questions are presented on this appeal. Does the coverage of the policy of automobile liability insurance issued by defendant to Brucker extend to plaintiff and Croker, i. e., are they, or is either of them, an insured under the terms of that policy? If this be so, are defendant's obligations under that policy primary to the obligations of United under its policy of liability insurance issued to plaintiff? We have concluded that both of these questions were correctly decided by the trial court.

The "omnibus clause" in Brucker's policy with defendant extended protection to "any person while using the automobile and any person or organization legally responsible for the use thereof," provided that such use was by Brucker himself or with Brucker's permission. ' The policy defined "use" of Brucker's truck to include loading and unloading. It is a reasonable inference that Croker had Brucker's consent to carry out the operations incidental to unloading the lima beans from the truck, and it is obvious that the unloading operation constituted a use of the truck within the policy provision. Pleasant Valley, Croker's employer, is liable under the doctrine of *respondeat superior* for Croker's negligent acts committed within the scope of his employment, hence plaintiff is clearly, with respect to the truck, an organization "responsible for the use thereof."

Cal-Farm maintains that coverage does not extend to plaintiff and Croker under the omnibus clause, but before considering the interpretation of that clause which is advocated, we shall discuss the separate contention that any liability of Brucker or Pleasant Valley for bodily injury to Nungaray, Brucker's employe, is expressly excluded from coverage under its policy by the above quoted exclusion clause. It is Cal-Farm's position that the clause "bodily injury to, sickness, disease or death of an employee of the insured" must be read "bodily injury to, sickness, disease or death of any employee of only the *named* insured"; hence, since Nungaray was Brucker's employe acting within the scope of his employment at the time of the accident, insurance coverage under

the "omnibus clause" would be excluded as to Pleasant Valley and Croker, notwithstanding the fact Nungaray was not an employe of Pleasant Valley or Croker. Croker and Pleasant Valley contend that the exclusion clause of the policy must not be read restrictively, that the term "insured" in that clause is not limited to the insured named in the policy but extends, due to the "omnibus clause," to the other persons who qualify as additional insureds, and that the exclusion clause, properly interpreted, operates to exclude coverage only in cases where the injured party is the employe of the *particular* insured (whether named insured or additional insured) who is seeking protection under the policy. Thus, on this hypothesis, since Nungaray was not employed by either Pleasant Valley or Croker, Cal-Farm's obligations under its policy are not extinguished by reason of the fact that Nungaray was an employe of Brucker, the named insured. We agree with the latter interpretation.

These opposing contentions call for an interpretation of the exclusion clause. The question is apparently one of first impression in this state, and our attention has been directed to cases from various other jurisdictions which support one or the other of the above interpretations of Cal-Farm's exclusion clause. We feel, however, that it is not necessary to rely on the authority of any of those cases in determining the question, as it can be decided by an examination of the exclusion clause itself under general principles of insurance law. In the first place, since the Brucker policy was drafted by Cal-Farm, any ambiguities or uncertainties the policy might contain are to be construed against the insurer. (*Arenson* v. *National Auto. & Cas. Ins. Co.*, 45 Cal.2d 81, 83 [286 P.2d 816].) ■ "If the insurer uses language which is uncertain any reasonable doubt will be resolved against it; if the doubt relates to extent or fact of coverage, whether as to peril insured against [citing cases], the amount of liability [citing cases], *or the person or persons protected* [citing cases], the language will be understood in its most inclusive sense, for the benefit of the insured." (*Continental Cas. Co.* v. *Phoenix Const. Co.*, 46 Cal.2d 423, 437-438 [296 P.2d 801].) (Emphasis added.) ■ Where the language of the policy is reasonably capable of two constructions, it should be construed in the insured's favor. (*Linnastruth* v. *Mutual Benefit etc. Assn.*, 22 Cal.2d 216 [137 P.2d 833].) ■ And a policy of insurance should be so construed, if at all possible, as to secure indemnity to the insured for losses to which the

policy relates, rather than to narrow policy protection. (*Pendell* v. *Westland Life Ins. Co.*, 95 Cal.App.2d 766 [214 P.2d 392]; *Ritchie* v. *Anchor Cas. Co.*, 135 Cal.App.2d 245 [286 P.2d 1000].) ▮ Furthermore, it is unnecessary to show that the construction against the insurer is more logical than the construction against the insured; it suffices to show that the construction in favor of the insured is as reasonable as the other. (*Norton* v. *Farmers Auto. Inter-Ins. Exchange*, 40 Cal.App.2d 556 [105 P.2d 136].)

▮ Reverting to Cal-Farm's contention that the exclusion clause applies only to Brucker, the *named* insured, we find Cal-Farm contending that the trial court held, and the effect of the judgment is, that the exclusion clause does not apply to Brucker, but that it does apply to other insureds. This was not the holding of the trial court, nor is it the contention of plaintiff that the exclusion clause does not apply to Brucker and his employes as well as to Pleasant Valley and Croker. Moreover, as we shall develop, if it were true that the clause applies to Brucker and not to Pleasant Valley, the result would be to broaden rather than narrow the coverage.

Plaintiff, as we say, agrees that Brucker was not covered with respect to liability for injury to his employe, Nungaray. His liability would be under workmen's compensation laws and clearly is one that was expressly excluded, and although Brucker is the only one having that liability, Cal-Farm argues that since he was not covered with respect to injuries to his employes, coverage would also be excluded as to any person who might come within the extended coverage of "insured," if any employe of Brucker should be injured while in the course of his employment, even though such additional insured were responsible for the injury. We do not attribute any such meaning to the exclusion clause. Following the blanket exclusion of "any employee of the insured," we find the following language: ". . . or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law." The clause further excludes "any obligation for which the insured . . . may be held liable under any workmen's compensation law."

Cal-Farm insists that the court's interpretation of this clause is unreasonable because it would afford Pleasant Valley greater protection than is afforded Brucker, and from that premise argues against that interpretation. It is true, of course, that under the trial court's interpretation, and the facts of the case, Pleasant Valley is covered as to Nungaray

and Brucker is not, but this does not mean that the exclusion clause has been construed so as to favor one more than the other. If Croker instead of Nungaray had been injured in the accident through the negligence of Brucker, the positions of the parties with respect to coverage would have been the same, although the parties would be reversed. Pleasant Valley would have been liable for workmen's compensation and would not have been covered, while Brucker would have had coverage under the Cal-Farm policy. Moreover, if the trial court's interpretation were rejected, and Cal-Farm's adopted, so as to make the exclusion clause applicable only to Brucker, because of his workmen's compensation liability, the result would be that if Pleasant Valley's employe had been injured and entitled to workmen's compensation, Pleasant Valley nevertheless would be covered by Cal-Farm's policy.

The exclusion clause must be read as a whole and we think leads inescapably to the conclusion that it means only that the coverage, whether of the named or the additional insured, does not apply to any one who has liability under workmen's compensation laws. As Pleasant Valley and Croker are additional insureds under defendant's policy, and as there is nothing in the record to show that either Croker or Pleasant Valley is obligated to Nungaray under workmen's compensation law, with respect to the accident, it is clear that Pleasant Valley and Croker are not excluded from policy protection as to an action brought by Nungaray against them for personal injuries.

We consider now the argument of Cal-Farm with respect to the scope of the ''omnibus'' clause, namely, that the purpose was to extend coverage only to other users of Brucker's vehicles whose negligence would be imputable to Brucker under the permissive use statute (Veh. Code, § 402), and that there was no intention to extend coverage to one whose negligence would not impose liability upon Brucker. Under this clause Pleasant Valley and Croker were covered, without qualification. Cal-Farm argues that the court's interpretation is unreasonble because it gives policy protection to Pleasant Valley and none to Brucker for Nungaray's injuries; the parties could not have intended that Pleasant Valley, alone, should have coverage in any situation, when Brucker was paying for his own protection and not that of Pleasant Valley. It is not true, however, that the protection extends only to Pleasant Valley. Brucker has

workmen's compensation liability and the right of recoupment of compensation paid from any recovery by Nungaray against Pleasant Valley and Croker. (Lab. Code, §§ 3852-3863.) It cannot be said that it is of no advantage to Brucker to have payment of the judgment, if any, insured by Cal-Farm. But the facts of the case bring it precisely within the omnibus clause, as it is written. If the clause means less than it says, the exception or limitation must be found in the exclusion clause. There cannot be read into the policy a provision that an additional insured is not covered unless Brucker also is covered to the same extent, when the exclusion clause contains the only exception to the specific coverage of the omnibus clause. The two clauses must be read together, and the exclusion clause must be given effect as against some unexpressed understanding on the part of Cal-Farm as to the scope of the omnibus clause.

 Under cardinal rules of insurance law an exception to the coverage provided for in general terms must be clearly and unmistakably expressed. (*Pendell* v. *Westland Life Ins. Co., supra,* 95 Cal.App.2d 766, 770.) Although we do not entertain any doubt with respect to the expressed undertakings of Cal-Farm under the policy, we would have to resolve any ambiguity or uncertainty as to the scope of the coverage in favor of the insured. But aside from this rule of interpretation, we are of the opinion that the trial court correctly held that the Cal-Farm policy covers plaintiff and Croker with respect to any liability for the injury suffered by Nungaray.

 It remains to be determined whether defendant's obligation to defend the Nungaray action and to pay judgment therein is primary to the obligation of United, plaintiff's insurer, or whether defendant is justified in arguing that both insurance companies must bear these expenses pro rata as concurring insurers. We are of the view that defendant's liability is primary to United, and that United has liability secondary to that of defendant.

Defendant contends that United is jointly liable to defend the Nungaray action and pay judgment therein for the reason that Nungaray's complaint alleges the *separate, concurring* negligence of Pleasant Valley, as well as the negligence of Croker which is imputable to Pleasant Valley under the doctrine of *respondeat superior*. We do not so view that complaint. The three separate acts of negligence set forth in Nungaray's complaint are there attributed to "the defend-

ants'' (Pleasant Valley and Croker) without distinguishing between them. It was alleged that Croker was Pleasant Valley's agent, and that he was at all times acting within the scope of his authority. The three acts of negligence, stripped to their essentials, are that the defendants in that action negligently *placed* the wooden blocks against the permanent blocks in back of the truck, negligently *failed to remove* the wooden blocks, and negligently *failed to warn* Nungaray that the wooden blocks were unlikely to hold the truck. All these were acts which Pleasant Valley could only perform through its agents and employes, and it was stipulated at the trial that the wooden blocks had been placed by Croker. The complaint in the Nungaray action and the stipulation of facts in this action are silent as to any acts or omissions on the part of Pleasant Valley other than those of Croker. The complaint alleges that Nungaray drove the truck onto the platform at Croker's direction, and that Croker was in charge of the elevating machinery. Reading the Nungaray complaint as a whole, we are of the opinion that Pleasant Valley's negligence is therein predicated upon the negligence of Croker, and that it does not allege separate, concurring negligence on Pleasant Valley's part.

Turning to the policies of insurance themselves, we find that both contain ''other insurance'' clauses. United's ''other insurance'' clause provides that its liability shall be proportionate to other valid and collectible insurance, save that in the case of loss arising out of the use of a non-owned automobile, its insurance shall be *excess* insurance only. As the truck involved in the accident was not owned by Pleasant Valley, United's insured, United's policy is excess insurance as to Pleasant Valley, and Cal-Farm's duty to defend Pleasant Valley and pay judgment in the Nungaray action is primary to the obligation of United. Cal-Farm's ''other insurance'' clause likewise provides that its liability shall be proportionate to other valid and collectible insurance, save that in circumstances not applicable here, its coverage shall be *excess* coverage. Since we have already determined that Croker is an additional insured under the Cal-Farm policy, and since Croker is not insured under United's policy, Cal-Farm's obligation to defend him and pay judgment against him in the Nungaray action is also primary, for there is no other valid and collectible insurance covering him which could be prorated with the Cal-Farm insurance. Also, since United's coverage of Pleasant Valley is excess with respect to non-

owned vehicles, there is no basis for apportionment with Cal-Farm's coverage of Pleasant Valley. The facts in the instant case are readily distinguishable from those in *Air Transp. Mfg. Co.* v. *Employers' Liab. Assur. Corp.*, 91 Cal. App.2d 129 [204 P.2d 647], relied on by defendant, and that case is not authority for the proposition that Cal-Farm and United are jointly liable to defend Pleasant Valley in the Nungaray action and pay judgment therein.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied July 3, 1956, and appellant's petition for a hearing by the Supreme Court was denied August 1, 1956. Traynor, J., was of the opinion that the petition should be granted.