THE TRAVELERS INS. CO., APPELLEE, *v.* AUTO-OWNERS (MUTUAL) INS. CO., APPELLANT; WALKER, APPELLEE.

[Cite as Travelers Ins. Co. v. Auto-Owners Ins. Co., 1 Ohio App. 2d 65.]

(No. 7297—Decided January 7, 1964.)

66

*Messrs. Wright, Harlor, Morris, Arnold & Glander* and *Mr. Charles Brant,* for plaintiff-appellee.
*Messrs. Wiles, Doucher, Tressler & Martin,* for appellant.
*Messrs. Schwenker, Teaford, Brothers & Bernard,* for defendant-appellee.

DUFFEY, J.   This is an appeal from a declaratory judgment in favor of the plaintiff-appellee, The Travelers Insurance Company.   While the parties refer to the proceedings as a summary judgment, it was in fact a submission of the case on its merits upon the pleadings and agreed evidence.

The dispute concerns insurance coverage under appellant's policy.   Randolph Iron & Metal Company was insured by the appellant, Auto-Owners (Mutual) Insurance Company.   Randolph's employee, Maurice V. Walker, drove a Randolph truck to Goodwill Industries.   Goodwill is insured by the appellee, The Travelers Insurance Company.   Walker and the employees of Goodwill were engaged in loading the truck.   Walker was injured, allegedly as the result of the negligence of an employee of Goodwill.   He has filed suit against Goodwill.   Travelers then filed the present suit against Auto-Owners, asking for a declaration that Auto-Owners is an insurer of Goodwill, and primarily liable to defend and pay any loss arising from Walker's suit, and that Travelers is an excess carrier as to any loss over Auto-Owners policy limits.   The trial court so held, giving judgment for Travelers.

As counsel for Auto-Owners have repeatedly pointed out, it seems quite anomalous that Randolph's liability insurance should provide coverage for the injury of its own employee.   However, the insurance industry and this court are well aware of the great breadth of coverage afforded by the use of ''omnibus'' clauses in liability policies.   There is no question that there is an insurable interest or that the parties have the right to contract for such a result.   The question is solely one of what Auto-Owners contract provides.

The parties agree that the omnibus clause in Auto-Owners policy extends coverage to any person ''using'' a Randolph truck, and the loading of a truck is using it.   Thus, under the present situation, there are four assured parties.   Randolph is the named assured.   Walker, the employees of Goodwill who

were using (loading) the truck, and Goodwill Industries are all omnibus assureds as to risks arising from that use.

To illustrate the operation of this omnibus clause, it was agreed on argument that had the Goodwill employee negligently injured some third person such as a passerby, Auto-Owners policy would clearly extend coverage to both Goodwill and its employee for liability to that person. In the various cases which have come before this court involving this type of coverage, no counsel has ever really explained why the insurance industry provides such coverage, nor why an insured would be particularly interested in purchasing such coverage. Yet, the coverage is there.

However, appellant contends that in the present case it is relieved of liability under either of the two exclusionary clauses in the policy. One is a general exclusion found in the basic coverage paragraph. The other is an employee-exclusionary clause. Appellant's principal contention relies upon the general exclusion. This provision is as follows:

"I. Coverage A—Bodily injury liability. To pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed by him under any contract as defined herein, for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons *other than the assured.*" (Emphasis added.)

Appellant contends that since Walker, the injured person, is "an assured," there is no liability under the last clause of Coverage A. We cannot agree.

Concededly, the result in this circumstance is strange. However, the result of appellant's interpretation is even stranger. If Walker had injured a Goodwill employee and that employee had then sued Randolph, the appellant's interpretation of this exclusion would operate to deprive Randolph of the very protection it sought to purchase. Appellant's view of the provision would emasculate the named assured's coverage by depriving it of protection in all the ordinary instances of an injury inflicted by an employee of the named assured, since such an employee is admittedly an assured under the omnibus clause. In the absence of explicit wording or necessary implication, an

insurance contract must be construed most favorably to the assured and to effectuate its obvious basic purpose. *Butche* v. *Ohio Casualty Ins. Co.* (1962), 174 Ohio St., 144; *Home Indemnity Co.* v. *Village of Plymouth* (1945), 146 Ohio St., 96. So far as the exclusion in Coverage A is concerned, it simply does not by explicit provision nor by reasonable implication operate to remove coverage here. It must be interpreted under the well-established and, we think, correct doctrine of separability. The assured for the purpose of determining coverage of a specific loss is not any person in the abstract who is within the policy but the person who faces that particular loss. In this case that is Goodwill. Walker is the person who was injured, and he faces no risk of suit from his own injury. As to the separability of multiple insureds, see *Pleasant Valley Lima Bean Growers & Warehouse Assn.* v. *Cal-Farm Ins. Co.* (1956), 142 Cal. App. (2d), 126, 298 P. (2d), 109; *Maryland Casualty Co.* v. *New Jersey Manufacturers Casualty Ins. Co.* (1958), 28 N. J., 17, 145 A. (2d), 15; *Greaves* v. *Public Service Mutual Ins. Co.* (1957), 4 App. Div. (2d), 609, 168 N. Y. Supp. (2d), 107. This view is followed in two Ohio Common Pleas Court decisions, *Travelers Ins. Co.* v. *Buckeye Union Casualty Co.* (1959), 81 Ohio Law Abs., 108, and *Employers' Liability Assurance Corp.* v. *Liberty Mutual Ins. Co.* (1959), 84 Ohio Law Abs., 58.

In connection with the separability of assureds, it is interesting to note that elsewhere in the policy there are explicit exclusions of liability for injury to the named assured and for fellow-servant cases. See paragraph III, subparagraph 1, exclusions (b) and (d). This is a standard policy issuable to natural persons as well as corporations. If the named assured were a natural person who was injured by an omnibus assured, there would be no coverage under exclusion (b). For example, if Randolph were a natural person injured by a Goodwill employee, the exclusion would apply. Similarly, the explicit provision in exclusion (d) also operates to point up the failure of the appellant company to deal with these problems in their drafting of the Coverage A provisions. The plain fact is that the general exclusion in Coverage A simply is not explicit enough to support appellant's contention, and cannot be mangled into obtaining the distinction that appellant wishes.

A more difficult question arises under the employee-exclusion clause. This provision is as follows:
"This policy does not apply:
"* * *

"(c) to claims arising under any Workmen's Compensation agreement, plan or law nor for liability of the assured for injury to or death of any employee of the assured arising out of and in the course of his employment by the assured other than domestic employment;"

It is appellant's contention that since Walker is an employee of "the assured" (specifically the named assured, Randolph), liability is excluded under this provision.

There are two conflicting lines of authority on the interpretation of such an employee-exclusion clause when applied to the circumstances found in this case, i. e., an injured employee of the *named* assured. The weight of the authority clearly holds that the separability of multiple assureds applies equally well to the employee-exclusion clause. Particularly illustrative of this view are *Pleasant Valley Lima Bean Growers & Warehouse Assn.* v. *Cal-Farm Ins. Co., supra,* and *Maryland Casualty Co.* v. *New Jersey Manufacturers Casualty Ins. Co.* (1958), 28 N. J., 17, 145 A. (2d), 15. See, also, *Cimarron Ins. Co., Inc.,* v. *Travelers Ins. Co.* (1960), 224 Ore., 57, 355 P. (2d), 742. These authorities were also followed in the two Ohio Common Pleas Court cases cited above. An opinion of our Supreme Court in *Home Indemnity Co.* v. *Village of Plymouth* (1945), 146 Ohio St., 96, contains some comments which appear to assume the same view.

A minority view holds that under such a clause an employee of the named assured cannot recover under the named assured's policy. This view is apparently followed in about four states. See *Webb* v. *American Fire & Casualty Co.* (1941), 148 Fla., 714, 5 So. (2d), 252; *Continental Casualty Co.* v. *Pierce* (1934), 170 Miss., 67, 154 So., 279; *Associated Indemnity Corp.* v. *Wachsmith* (1940), 2 Wash. (2d), 679, 99 P. (2d), 420. See, also, *Transport Ins. Co.* v. *Standard Oil Co. of Texas* (1960), 161 Texas, 93, 337 S. W. (2d), 284.

There are federal cases on both sides. In that connection it, of course, should be noted that a federal court would be

bound to follow the law of the particular state involved. There are three Sixth Circuit Court of Appeals cases which follow the minority view. Two of these arose under Kentucky law and one under Ohio law. *Travelers Ins. Co.* v. *Ohio Farmers Indemnity Co.* (1958), 262 F. (2d), 132; *Kelly, Exrx.,* v. *State Automobile Ins. Assn.* (1961), 288 F. (2d), 734; *American Fidelity & Casualty Co., Inc.,* v. *Indemnity Ins. Co. of North America* (1962), 308 F. (2d), 697. These three decisions rely to a great extent on a Fourth Circuit Court of Appeals case, *Lumber Mutual Casualty Ins. Co. of New York* v. *Stukes* (1947), 164 F. (2d), 571. As appellee contends, the Sixth Circuit Court cases appear to be a misapplication of the holding in the *Lumber Mutual* decision. However, the court did carefully review both lines of authority and deliberately chose the minority view. Thus, in the *Travelers case, supra,* the exclusion is almost identical to that in the appellant's policy. The position of the Sixth Circuit Court is well summarized in the opinion where the court stated, at page 133:

"* * * The true construction of defendant's policy is that no employee of the named insured engaged in the named insured's business can recover against anyone included as an additional insured. * * *"

The history of the insurance industry is replete with instances where the industry has expanded coverage and the wording of the initial drafts produced totally unexpected and not infrequently anomalous results. This, of course, is hardly surprising. The ability of the human mind to foresee the infinite variety of facts and interrelationships of persons is limited. Given thousands upon thousands of claims, the bizarre and the unique eventually occur. The pattern then arises of a court decision which pinpoints the problem. The industry reviews the matter and either allows it to stand or adds specific provisions for exclusion into their policies. Thus does the fine print in policies grow.

Where the result seems obviously unintended, there is always a strong temptation by a court to avoid it. However, a result cannot be avoided by a forced interpretation which mangles the wording of the policy. This is a field of contract law, and we are dealing with a sophisticated industry which can guard the future. For both of these reasons, the basic prin-

ciples of interpretation should not be ignored to accomplish what a court thinks should have been intended by the parties. Judges are not familiar enough with the complex business interests of both the insured and the insurer which may have led to particular language, nor is it the function of the courts to redraft the insurance policies. In our opinion the minority view and the Sixth Circuit Court decisions do just that to the employee-exclusion clause.

In considering this exclusion clause, it is again important to simply reverse the position of the parties as was done above in discussing the general exclusion clause. In the present case it was the employee of the named insured who was injured by an additional or omnibus insured. In the exact reverse situation an additional or omnibus insured is injured by the named insured or its employee, *i. e.*, Randolph's employee, Walker, injures a Goodwill employee. Obviously, this would lead to a suit against the named insured. Under the wording of the employee exclusion clause here the one fits just as tightly as the other! Again, the result of appellant's interpretation and that of the minority view is a substantial *loss* of coverage to the named insured with respect to the very liability for which it purchased protection.

The minority view seeks to avoid that effect by limiting its interpretation to an employee of the named insured. In the *Kelly case, supra*, at page 735, the court's position was that under this exclusion the policy "did not cover an additional insured with respect to a claim for personal injuries asserted against such additional insured by an employee of the named insured." This is the judicial insertion of the "named insured" in one instance and then the removal of the court's own insertion from the reverse situation. In our opinion that constitutes the redrafting of the policy. We cannot close our eyes to the fact that the clause simply states "the assured." The only choice for a court, in our opinion, is limited to depriving the named assured of a substantial portion of his coverage or permitting a broader coverage which produces the present situation. Given that choice we think it fundamental, and authoritatively established on reason and policy, that the interpretation must be in favor of the insured to provide the broader coverage.

Accordingly, we hold that separability applies to the em-

ployee-exclusion clause in appellant's policy. Since the claimant is not an employee of the assured against whom the claim is asserted, the employee-exclusion clause of appellant's policy does not affect its liability.

It should be noted that in addition to holding appellant liable under its policy, the judgment of the Common Pleas Court further declares that appellee Travelers' coverage is excess over the coverage of appellant. This case has been presented both in the trial court and in this court solely on the question of appellant's liability on its policy. As the judgment reflects, it has been assumed that if Auto-Owners was liable, then appellee is only an excess carrier. No argument has been made on that aspect of the case. We note that the Auto-Owners policy contains an "escape" or "other insurance" clause. Travelers' policy contains an "excess" clause. We express no opinion of the effect of those clauses as to the respective liabilities between the companies.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and TROOP, J., concur.