[Civ. No.11105.   Third Dist.   Mar. 23, 1966.]

CAL-FARM INSURANCE COMPANY, Plaintiff and Appellant, v. ZURICH INSURANCE COMPANY, Defendant and Respondent.

Richard H. Abraham for Plaintiff and Appellant.

Fitzwilliam, Memering, Stumbos & DeMers and T. D. Bolling, Jr., for Defendant ad Respondent.

WHITE, J. pro tem.*—Plaintiff appeals from an adverse judgment after trial by the court without a jury. The case was tried on an agreed statement of facts which was adopted by the court in its findings. It is the contention of appellant that the trial court erred in refusing to adopt appellant's interpretation of its automobile liability policy.

The dispute here is between two insurance carriers, each of which asserts that the other was obligated as an insurer of Joseph Schneider in an action instituted against him by Grant Alvin Amen, arising out of certain loading operations in which Schneider and Amen were engaged.

*Assigned by the Chairman of the Judicial Council.

Prior to August 17, 1961, appellant had issued an automobile liability policy to S. M. Amen, Sr., S. M. Amen, Jr., and Grant Alvin Amen, covering a truck owned by them, by the terms of which it insured also other persons using the insureds' vehicle with the consent and permission of the named insureds. Joseph Schneider was operating a self-propelled loading and unloading machine known as a forklift, when he accidentally caused bodily injury to Grant Alvin Amen while loading hay on said truck, with the consent and permission of the Amens.

Respondent had issued its comprehensive liability policy to Schneider, and when the injured Amen filed suit against Schneider, Schneider notified respondent and requested that respondent defend the action. Respondent tendered the defense of the action to appellant, claiming the accident was covered under appellant's policy. Appellant undertook the defense, subject to a reservation of its right to deny coverage, and on or about April 8, 1963, settled the action by payment of $1,875. It is this sum, plus expenses of $500.95, which appellant seeks to recover.

The claim of appellant is founded entirely on that portion of its policy reading as follows: "This policy does not apply . . . to bodily injury or property damage arising out of the operation of farm machinery or any self propelled loading or unloading machine."

Appellant concedes that Schneider was an insured under its policy, and that the loading of the truck, except for the use of the forklift, was an event covered by the policy.

The trial court found that Schneider's alleged liability arose out of the use of the truck incident to the loading and concluded that the exclusion clause did not apply to exclude coverage for liability arising out of such use of the truck. Inferentially, the court found that the use of the forklift was not a factor responsible for the injuries.

The only evidence before the court from which the events relating to the injuries could be determined was the stipulation in the statement of facts that Schneider "while operating a self-propelled loading and unloading machine known as a fork lift, accidentally caused bodily injury to said Grant Alvin Amen while loading hay on a truck. . . ." This falls short of establishing that the injuries arose out of the operation of a forklift.

Appellant asserts reliance upon section 532 of the Insurance Code of California, which provides: "If a peril is specially excepted in a contract of insurance and there is a loss which

would not have occurred but for such peril, such loss is thereby excepted even though the immediate cause of the loss was a peril which was not excepted.'' Necessarily, appellant would have us conclude that the use of the forklift was a proximate cause of Amen's injuries, and that but for the use of the forklift the accident would not have happened.

The agreed facts establish that the accident arose out of the loading of the truck, a peril covered by the terms of the policy, but do not establish that the use of the loading device was of any consequence. The peril excepted was injury to someone by the forklift. The agreed facts do not express such an accident.

In *Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal. App.2d 126 [298 P.2d 109], and *Employers etc. Ins. Co.* v. *Pacific Indemn. Co.*, 167 Cal.App.2d 369 [334 P.2d 658], injuries were sustained through instrumentalities not covered by insurance (tilting machinery and crane) but in each case it was held that loading and unloading operations on trucks used in connection therewith were covered by insurance which extended to these instrumentalities because of their use in the loading and unloading of the insured trucks. To paraphrase those holdings: While the forklift is not insured, accidents in loading and unloading automobiles by whatever means, including forklifts, arise out of a peril covered by the policy of insurance.

Appellant was obliged to recognize its coverage because the accident did not arise out of the use of the excluded equipment, but out of the use of the insured truck. (See, also *Colby* v. *Liberty Mutual Ins. Co.*, 220 Cal.App.2d 38 [33 Cal.Rptr. 538].)

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.