366 F.2d 555
 FARMERS ELEVATOR MUTUAL INSURANCE CO., Appellant,
v.
CARL J. AUSTAD & SONS, INC., a Corporation, Tri-State
Insurance Company, a Corporation, L. P. Gas Transport
Company, a Corporation, and Martha D. Tatro, Individually
and as Trustee for the North Dakota Workman's Compensation
Bureau, Appellees.
 No. 18273.
 United States Court of Appeals Eighth Circuit.
 Sept. 29, 1966.
 
 Wm. R. Reichert, Dickinson, N.D., for appellant; Frederick Saefke, Jr., Bismarck, N.D., on the brief.
 Patrick A. Conmy, Bismarck, N.D., for appellee Tri-State Insurance Co.
 E. F. Engebretson, Bismarck, N.D., for appellees Carl J., Austad & Sons, Inc., and L.P. Gas Transport Co.
 Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.
 GIBSON, Circuit Judge.
 
 
 1
 This is a declaratory judgment action seeking construction of the omnibus insured clause of a liability insurance policy and requesting injunctive relief staying a state court action for damages for wrongful death. Plaintiff-Appellant Farmers Elevator Mutual Insurance Co. is the liability insurance carrier for Scranton Equity Exchange. It contends that the omnibus insured clause in a liability insurance policy issued by Tri-State Insurance Company, a Corporation, (Tri-State) to the named insured, Carl J. Austad & Sons, Inc., a Corporation, (Austad) and L.P. Gas Transport Company, a Corporation, (L.P. Gas) covers Scranton Equity Exchange and makes Tri-State have the primary coverage or liability on a state action for the wrongful death of Harry Tatro in the amount of $191,434.80, filed by Martha D. Tatro, individually and as Trustee for the North Dakota Workman's Compensation Bureau against Scranton Equity Exchange. The Honorable George S. Register, Chief Judge of the United States District Court for the District of North Dakota, held for the defendants Austad and L.P. Gas on a motion for summary judgment and dismissed the complaint. We affirm.
 
 
 2
 Harry Tatro was employed by Austad as a driver of one of its propane gas tank trucks. In June 1961 this truck was under lease to L.P. Gas, which company, unlike Austad, had an Interstate Commerce Commission permit. On the night of June 8, 1961 Tatro was delivering a load of propane gas to Scranton Equity Exchange of Scranton, North Dakota (Scranton), a co-operative association dealing in propane gas. As was the custom for night time deliveries, Tatro himself unlocked the premises of Scranton and began to discharge the gas from his truck into the bulk tanks of Scranton. While he was upon one of the Scranton tanks there was an explosion and fire that killed Tatro.
 
 
 3
 The action brought by Martha Tatro, Harry Tatro's widow, against Scranton in a North Dakota state court alleged that Scranton was negligent in the construction and maintenance of its propane bulk storage tanks and that this negligence was the proximate cause of Harry Tatro's death. The other defendants in this declaratory judgment action were not made parties to the state suit.
 
 
 4
 After the state court action was filed against its insured, (Scranton), plaintiff brought this declaratory judgment action in the United States District Court for the District of North Dakota.
 
 
 5
 The District Court originally dismissed the complaint on a question of venue. The dismissal was appealed to this Court, and we reversed and remanded the case to the District Court for further consideration. Farmers Elevator Mutual Insurance Co. v. Carl J. Austad & Sons, Inc., 8 Cir., 343 F.2d 7. The District Court held further hearings on the matter and thereafter on Motion for Summary Judgment awarded judgment for the defendants. Plaintiff duly appealed.
 
 
 6
 Although Austad and L.P. Gas are joined in the suit, plaintiff has centered its brief and oral argument around the liability insurance policy issued by Tri-State covering the insureds, Austad and L.P. Gas.[1] Plaintiff argues that the omnibus coverage of this policy makes Tri-State also on insurer of Scranton, obligated to join in the defense of the state court action brought by Mrs. Tatro, as first and primary insurance carrier.
 
 
 7
 At the outset we note that this case basically converns the legal contentions of the two insurance companies wherein the plaintiff as the insurance carrier paid by its insured Scranton seeks to shift liability of Scranton for Scranton's alleged negligence over to another insurance company through the application of the omnibus insured clause, which is common to most of the liability policies of the present day. With the multitudinous variable factual situations that can arise under an omnibus insured and related exclusionary and inclusionary clauses it can be readily appreciated that there are many conflicting decisions and varying approaches used in reaching ad hoc decisions in these types of cases. For a comprehensive analysis of the cases and the problems concerned see Judge Blackmun's opinion in Hanover Insurance Company, Massachusetts Bonding Department v. Travelers Indemnity Company, 318 F.2d 306 (8 Cir. 1963) and American Fidelity & Casualty Company, Inc. v. St. Paul-Mercury Indemnity Company, 248 F.2d 509 (5 Cir. 1957).
 
 
 8
 Here, as in Hanover, the negligence alleged is not that of the named insured or its employees but is that of a third party against whom an employee of the named insured has a cause of action. The insurance carrier for the third party Scranton seeks to shift its vicarious liability for Scranton's acts to the insurance carrier of the employer of the deceased. The premium paid by the employer comprehends coverage of liability as to the public and not to its own employees who are protected under Workman's Compensation insurance and it does not comprehend coverage of negligent acts of third parties unrelated to the use of the vehicle, including the loading and unloading provisions of the policy.
 
 
 9
 The litigation arising from the accident in this case has been before the courts on three different occasions: (1) the Montana United States District Court in an action filed by Austad and L.P. Gas against Tri-State and another insurance company on a coverage question, (2) the present case, which had an initial hearing on a venue question and was appealed to this Court and reversed and remanded for further hearing, and (3) this proceeding, which is currently being appealed. Yet, with all this fragmentation of a single factual occurrence, the insurance companies have not responded to the state court action filed for damages for Tatro's death. This extensive time-consuming and costly litigation can only result in a denial of timely justice to Tatro's representative on her claim. It appears to us that the responsible insurance companies should take steps to see that this 'round robin' of litigation is ended and that they assume their proper responsibilities in meeting the claim of Tatro's representative in the state court proceeding.[2] In Hanover, one insurance company did assume its responsibility by processing, defending and paying a judgment on the main claim; and then proceeded to litigate its legal contentions with the other insurance company. This would appear to be a much preferable practice in advancing the administration of justice.
 
 
 10
 An analysis of the pertinent provisions of the Tri-State policy gives solid support to the decision reached by the District Court. Since there are no North Dakota cases on this point and this being a diversity case governed by North Dakota law, we think that the District Court reached not only a permissible conclusion but a sound one on the law that would be applied by the North Dakota Supreme Court in a case before it containing these issues.
 
 
 11
 The pertinent parts of the Tri-State policy read as follows:
 
 
 12
 '1. Coverage A-- Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by the accident and arising out of the ownership, maintenance or use of the automobile described in Item 5 of the Declarations, and only while being operated for the purposes stated and subject to the limitations in Item 6 of the Declarations.'
 
 
 13
 It is conceded that the motor vehicle involved is the 'automobile described in Item 5 of the Declarations' and that transportation of gas is one of the purposes stated in Item 6. Also included in Item 6 is a statement that: 'Use of the automobile for the purposes stated in cludes the loading and unloading thereof.' The policy continues:
 
 
 14
 'II. Defense, Settlement Supplementary Payments:
 
 
 15
 'As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall: '(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages as the result of an accident covered by this policy * * *.
 
 
 16
 'III. Definition of Insured: With respect to the insurance for bodily injury liability and for property damage liability, the unqualified word 'Insured' includes the named insured and also includes any person while using the automobile provided the actual use of the automobile is by the named Insured or with his permission, and used for the purposes stated and subject to the limitations in Item 6 of the declarations. The insurance with respect to any person other than the named insured does not apply: '(c) to any person with respect to bodily injury to or death of any other person who is insured.'
 
 
 17
 Under 'Exclusions' is the provision that 'This policy does not apply: * * * (h) under coverage A, to injury to, or death of any insured under this policy; (i) under coverages A and C, to bodily injury to * * * or death of any employee of the insured while engaged in the employment of the insured.'
 
 
 18
 Plaintiff points to Item 6 of the policy that reads, 'Use of the automobile for the purposes stated includes the loading and unloading thereof'. Plaintiff then cites the cases of Pleasant Valley Lima Bean Growers and Warehouse Association v. Cal-Farm Insurance Company, 142 Cal.App.2d 126, 298 P.2d 109 (1956); and Travelers Ins. Co. v. Auto-Owners (Mutual) Ins. Co., 1 Ohio App.2d 65, 203 N.E.2d 846 (1964). On similar policies these cases held that the party to which goods are being delivered is covered under the omnibus clause of the delivering party's insurance on a suit filed by an employee of the named insured against an omnibus insured. However, in these cases, the employees of the party to which the goods were being delivered were actually engaged in the unloading of the vehicle. In such a situation the unloading party is 'using' the vehicle with the permission of the named insured and thus covered under this type of omnibus clause for injuries sustained during the unloading, unless coverage is withdrawn by an exclusionary clause. These cases, however, are not in point herein, in that there is a pivotal factual distinction. In the case now before us, Tatro himself was doing the unloading. No agent or employee of Scranton was on the premises or in any way directed or assisted in the unloading. Therefore, under the authority of the above clause Scranton could not rightfully be said to be 'using' the vehicle as is required for coverage under the policy in question. Tatro was the only person engaged in the unloading operation.
 
 
 19
 Plaintiff attempts to escape the consequences of this important factual omission by designating Tatro as an agent of Scranton. We cannot accept such a designation. Tatro was an employee of Austad and possibly a 'loaned servant' to L.P. Gas, but he had no legal relationship with Scranton. Tatro was serving the interests of his employer by delivering gas that had been purchased by Scranton. He was serving Scranton only as any agent of a delivering seller serves the interest of the buyer. By delivering the product of his employer he is certainly no agent of the buyer, any more than the milkman or breadman is an agent of the customers along his route. Tatro was not an agent of Scranton. Therefore, Scranton was in no way 'using' the truck at the time of the explosion and would not be covered under Tri-State's policy.
 
 
 20
 Even were we to hold, for purpose of discussion only, that Scranton was 'using' the truck at the time of the accident, we believe, as did the trial court, that plaintiff would still be denied relief because of the specific exclusions found in the Tri-State policy. Under 'EXCLUSIONS' is the provision that, 'This policy does not apply: * * * (i) to bodily injury to or * * * death of any employee of the insured while engaged in the employment of the insured.' Whether this exclusion applies to suits against an omnibus insured by an employee of the named insured is a question that has produced a wide split of opinions among the courts. There are numerous cases, represented by Pleasant Valley Lima Bean Growers and Warehouse Association v. Cal-Farm Insurance Company, 142 Cal.App.2d 126, 298 P.2d 109 (1956), and Travelers Ins. Co. v. Auto-Owners (Mutual) Ins. Co., 1 Ohio App.2d 65, 203 N.E.2d 846 (1964), which hold that such an exclusion has no application, and the omnibus insured is entitled to coverage on such suits. On the other hand there are cases such as American Fidelity & Casualty Company, Inc. v. St. Paul-Mercury Indemnity Company, 248 F.2d 509 (5 Cir. 1957); Travelers Insurance Company v. Ohio Farmers Indemnity Company, 262 F.2d 132 (6 Cir. 1958); Hanover Insurance Company, Massachusetts Bonding Department v. Travelers Indemnity Company, 318 F.2d 306 (8 Cir. 1963); and Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725 (1937), which hold that employee exclusions apply to all suits by an employee of the named insured. After an examination of both views, we think the District Court reached a permissible conclusion, as there is no North Dakota case on this point. Therefore, it cannot be said that the District Court's conclusion is based on a clear misconception or misapplication of the law of that State. Hanover Insurance Company, Massachusetts Bonding Department v. Travelers Indemnity Company, at 311 of 318 F.2d. Austad was the named insured on the policy. Tatro was admittedly an employee of Austad, engaged in the employment of Austad at the time of the unfortunate accident. Therefore, from the face of the exclusion Tri-State is not liable for injuries to, or the death of, Tatro. There is no ambiguity in this provision, Travelers Ins. Company v. Ohio Farmers Indemnity Company, supra, and it appears to conform with the intent and purposes of the contracting parties. American Fidelity & Casualty Company, Inc. v. St. Paul-Mercury Indemnity Company, supra. We see no reason why this exclusion should not be applied to the facts of this case.
 
 
 21
 It is, therefore, our conclusion that Scranton was not an omnibus insured under the Tri-State policy, and arguendo even if it were an insured, coverage in this instance is precluded by the specific 'employee' exclusion (i) found in the policy.
 
 
 22
 Although Austad and L.P. Gas have been joined in plaintiff's complaint, plaintiff has made no serious effort to hold these defendants responsible to defend the suit brought by Mrs. Tatro. Nonetheless, a word on this matter is in order. None of these appellees was joined in the state court suit by Mrs. Tatro. She alleged only the negligence of Scranton. Further, there is absolutely no legal relationship between Scranton and these appellees, contractual or otherwise, that would call upon them to be joined in this two-way suit between Mrs. Tatro and Scranton. Therefore, as to appellees Austad and L.P. Gas also, the trial court was certainly correct in denying plaintiff the relief it sought. It is, therefore, not necessary for any of the appellees to join appellant in the defense of the Tatro state court action.
 
 
 23
 Judgment of the District Court is affirmed.
 
 
 
 [1]
 Austad is the named insured on the policy in question. By virtue of a decree of the United States District Court for the District of Montana in civil case 376 dated October 1962 L.P. Gas is a primary insured under this policy for any liability arising out of the explosion and fire of June 8, 1961 that resulted in Tatro's death
 
 
 [2]
 The activities of the insurance companies concerned with this case make appropriate the remarks of Judge Brown in American Fidelity & Casualty Company, Inc. v. St. Paul-Mercury Indemnity Company, at page 511 of 248 F.2d: 'Coming as it does the accident and the assureds seem all but forgotten as the two Insurers match clause against clause, coverage against exclusion, claim against denial, in this battle between fortuitous adversaries.'