OPINION
Appellants Richard Simmons, M.D. and Rita Case appeal the decision of the Delaware County Court of Common Pleas that granted summary judgment on behalf of Appellee Commonwealth Land Title Insurance Company ("Commonwealth"). The following facts give rise to this appeal. On October 13, 1983, Appellant Simmons entered into a real estate purchase agreement with John Reiner for the purchase of land located in Delaware County. The parcel consists of two lots, totaling 3.59 acres, on the northern shore of the Hoover Reservoir. The property is a peninsula that juts into the reservoir. Prior to finalizing the deal, Appellant Simmons hired Solar Design Group, Inc. to test the soil conditions on the property to determine whether or not they were sufficient for building purposes. Relying on information provided by Solar Design Group, Inc., Appellant Simmons purchased the property on December 29, 1983. In conjunction with the purchase of the property, Appellant Simmons purchased an owners title insurance policy from Appellee Commonwealth. Appellant Simmons was the named insured on the policy issued by Appellee Commonwealth. In 1984, Appellant Simmons obtained a loan, in the amount of $325,000, to finance the construction of a new home. The loan was refinanced in August 1986 for $500,000. The home was completed in 1986. Prior to the completion of the home, in December 1984, Appellant Simmons married Appellant Rita Case. Appellant Simmons transferred ownership to Appellant Case, by quitclaim deed, in September 1986. In late 1987, while walking their property, appellants noticed soil was eroding around the base of the trees. The erosion was particularly noticeable around the shoreline. Appellant Simmons contacted the City of Columbus Water Department and learned of the existence of an erosion line running through his property. The house was built on the front of the erosion line. Appellant Simmons also discovered that in March 1974, the owners of the property executed a Release of Liability in favor of the City of Columbus for any damage which they, their successors and assigns may have suffered as a result of the erosion or flooding occurring up to the point of the erosion line. The release was recorded in the Miscellaneous Volume at the Delaware County Recorder's Office on April 30, 1974. After discovering the existence of this erosion line, Appellant Simmons contacted Appellee Commonwealth because Commonwealth did not except from its policy coverage for any loss or damage caused to Appellant Simmons by the release and the erosion line. Appellee Commonwealth refused to pay the loss. Thereafter, on February 2, 1989, appellants commenced this action against Walter Reiner, Walter Reiner Consultants, Inc., John and Sheila Reiner, Appellee Commonwealth, Discovery Title, Inc., Title Insurance Company of Minnesota, Solar Design Group, Inc. Delaware County, Ohio, and City of Columbus. Appellants filed amended complaints on February 14, 1989 and July 18, 1990. On September 29, 1989, the trial court granted Title Insurance Company of Minnesota's motion for summary judgment. Appellants voluntarily dismissed John and Sheila Reiner, Discovery Title, Inc., Delaware County, Ohio, and the City of Columbus. In July 1990, Commonwealth filed a motion for summary judgment. The trial court conducted a hearing on Commonwealth's motion on September 18, 1990. At the hearing, the trial court granted Commonwealth's motion finding Appellant Simmons could not maintain an action against Commonwealth since he no longer retained an interest or estate in the property. The trial court also found Appellant Case could not maintain an action because she was not an insured under the policy. The trial court journalized its decision on October 5, 1990. Appellants timely filed a notice of appeal on November 2, 1990. In an opinion and judgment entry issued on June 27, 1991, we determined the trial court's decision was not a final appealable order and dismissed the appeal for want of jurisdiction. On January 19, 1999, appellants filed an agreed judgment entry dismissing, with prejudice, Solar Design Group, Inc., Walter Reiner and Reiner Realty Consultants, Inc. Likewise, Solar Design Group, Inc. dismissed, with prejudice, its third-party complaint against third-party defendant S.H. Heinlen, Inc. Thereafter, appellants filed a notice of appeal on February 17, 1999, and set forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE COMMONWEALTH LAND TITLE INSURANCE COMPANY FOR THE REASON THAT THERE EXIST GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER APPELLANTS ARE ENTITLED TO INSURANCE COVERAGE UNDER THE COMMONWEALTH LAND TITLE INSURANCE POLICY AS A MATTER OF LAW.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellants' assignment of error. I Appellants set forth four arguments in support of their sole assignment of error. A. Inchoate Dower Interest In the first argument presented by appellants, Appellant Simmons maintains that although he transferred the property at issue, by quitclaim deed, to Appellant Case, questions of material fact remain as to whether he is still an insured under the policy issued by Commonwealth because he retained a dower interest in the property. We disagree. The following language is contained in Commonwealth's policy concerning the continuation of insurance after conveyance of title. This language provides: 2. Continuation of Insurance After Conveyance Title Coverage of this policy shall continue in force as of date of policy in favor of an insured so long as such insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from such insured, or so long as such insured shall have liability by reason of covenants or warranty made by such insured in any transfer for conveyance of such estate or interest: * * *. (Emphasis added.)
Appellant Simmons argues his inchoate dower interest that was created after he quitclaim deeded the property to Appellant Case created an estate or interest in the property therefore entitling him to coverage under Commonwealth's policy. Appellant Simmons further relies on two well-established principles of contract law in support of this argument. First, that a contract of insurance is to be construed liberally in favor of the insured and strictly against the insurer. Faruque v. Provident Life Acc. Ins. Co. (1987),31 Ohio St.3d 34, syllabus; Buckeye Union Ins. Co. v. Price (1974), 39 Ohio St.2d 95, syllabus. Second, that if an insurance contract is drafted so that it is equivocal, uncertain or ambiguous, courts will adopt the interpretation which is most favorable to the insured and effectuates its obvious basic purpose. Travelers Ins. Co. v. Auto Owners Ins. Co. (1964), 1 Ohio App.2d 65, 67-68. Thus, Appellant Simmons concludes that since he has an inchoate dower interest in the property, he continues to have an interest in the property at issue and therefore, under paragraph two of Commonwealth's policy, he is entitled to coverage. R.C. 2103.02 addresses dower. This statute provides that: "A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. * * *" The case sub judice concerns the concept of "inchoate dower." "Inchoate dower" is: [a] wife's interest in the lands of her husband during his life, which may become a right of dower upon his death. A contingent claim or possibility of acquiring dower by outliving husband and arises, not out of contract, but as an institution of law constituting a mere chose in action incapable of transfer by separate grant but susceptible of extinguishment, which is effected by wife joining with husband in deed, which operates as release or satisfaction of interest and not as conveyance. Black's Law Dictionary (6 Ed. 1990) 761-762.
Ohio case law recognizes the contingent nature of inchoate dower. In the case of Weaver v. Gregg (1856), 6 Ohio St. 547,550, the Ohio Supreme Court explained that a dower right is inchoate because it is dependent upon survivorship. Until that time, an inchoate right of dower is not an interest in land, legal or equitable. In Long v. Long (1919), 99 Ohio St. 330,336, the Court stated that: * * * her interest in the realty was `inchoate', that is, unavailable to her as a present vested or subsisting interest, * * *, that is, she did not have a present right to possess it, to seize it, and to use it, because it was still conditioned upon her survivorship * * *.
Based on the above case law, we find an inchoate right of dower is not a marketable estate or interest in land. Rather, we find a dower right, as defined in the Ohio Revised Code, is more properly characterized as a statutory right to elect against the will. This conclusion is supported by the fact that dower is addressed in the probate section of the Ohio Revised Code. Accordingly, we conclude the trial court properly determined that Appellant Simmons' interest in the property, as it pertains to Commonwealth's insurance policy, terminated upon the filing of the quitclaim deed. The inchoate dower interest Appellant Simmons retains in the property is not an estate or interest that would entitle him to coverage under Commonwealth's policy of insurance. B. Resulting Trust In their second argument, appellants maintain questions of material fact remain as to whether Appellant Simmons retained an equitable interest in the property through a resulting trust. We disagree. The record in this matter indicates appellants did not raise this issue at the trial court level. Appellants first raise this issue on appeal. Failure to raise an issue at the trial court level acts as a waiver of the issue on appeal. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, we will not address the merits of this argument. C. Insured at Time of Loss In their third argument, appellants maintain questions of material fact remain as to whether Appellant Simmons was an insured under Commonwealth's policy at the time of the loss. We disagree. Appellant Simmons maintains the loss occurred in 1983 when he purchased the property unaware of the release and erosion line. Therefore, Appellant Simmons concludes that even if he retained no interest in the property after he transferred it to Appellant Case, in 1986, he still remained an insured under the policy when Appellee Commonwealth failed to discover the existence of the release and erosion line filed in the Delaware County Recorder's Office in 1983. We have found no case law in Ohio that addresses this issue. However, Appellee Commonwealth cites to a Pennsylvania case that addresses the issue presented in this argument. In the case of Sattler v. Philadelphia Title Ins. Co. (1960), 192 Pa. Super. 337, 162 A.2d 22 the court explained "* * * that a contract of title insurance is an agreement to indemnify against loss through defects of title." Id. at 342, 162 A.2d at 24, citing Foehrenbach v. German-American Title Trust Co. (1907), 217 Pa. 331,336-337, 66 A. 561, 563. "This simply means that the insured must show a loss resulting from the unexcepted encumbrances. * * * [A] title insurance policy is a contract of indemnity and not of guaranty. Unless and until a loss occurs, there is no liability." Sattler at 342, 162 A.2d at 25. The record indicates that Appellant Simmons transferred the property to Appellant Case in September 1986. It was not until late 1987 that appellants began noticing problems with the property. Since a "loss" is the triggering event under a title insurance policy and appellants did not discover the loss until after Appellant Simmons quitclaim deeded the property to Appellant Case, Appellant Simmons was not an insured under Commonwealth's policy at the time he discovered the loss. Because Appellant Simmons did not suffer a loss prior to transferring the property to Appellant Case, Appellant Case also did not suffer a loss because the property was transferred by quit claim deed. Without proof of loss, there can be no damage which would entitle an insured to coverage under a title insurance policy. D. Negligence Claim In their final argument, appellants maintain they have an actionable claim of negligence against Appellee Commonwealth independent of the insurance contract. We disagree. In the case of Thomas v. Guarantee Title Trust Co. (1910), 81 Ohio St. 432, paragraph one of the syllabus, the Ohio Supreme Court held that an action for negligence against a title abstractor must be founded upon a contract with the person who employed him. Because Appellant Simmons' claims are not maintainable under the contract, he cannot maintain a cause of action for negligence against Commonwealth. Pursuant to S.Ct.R.Rep.Op. 1(B), the syllabus law of Thomas sets forth the controlling law. We are required, as an intermediate court, to follow the law as set forth by the Supreme Court. Accordingly, we conclude the trial court properly granted summary judgment on behalf of Appellee Commonwealth as no issues of material fact remain for determination. For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed. By: Wise, P.J. Edwards, J., concurs. Hoffman, J., dissents.