39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Essie Lee JAMESON, as personal representative of the Estate
of Viola Lee Gordon; Verrelle Gordon; Kimberly Sue Gordon;
Donald James Clifford, as personal representative of the
estate of Raymond Floyd Gordon, Jr., deceased, Plaintiffs,
v.
P & H OIL FIELD SERVICE, INC., Defendant,
and
TOW SERVICE, INC., and David M. Martinez,
Defendants-Third-Party-Plaintiffs-Appellants,
v.
MID-CONTINENT CASUALTY COMPANY, Third-Party-Defendant-Appellee.
 No. 93-3199.
 United States Court of Appeals, Tenth Circuit.
 Aug. 15, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, Circuit Judge; MCKAY, Senior Circuit Judge; and PARKER, District Judge.[2]
 
 
 2
 This is an appeal from summary judgments resolving issues of insurance coverage raised in a third-party complaint and arising out of an automobile collision. Third-party plaintiffs (plaintiffs) are Tow Service, Inc., and its driver, David Martinez, who were defendants in a related action involving their role in that collision. Third-party defendant is Mid-Continent Casualty Company, insurer of P & H Oil Field Service, Inc., and Omega Resources Corporation. Plaintiffs filed this action to obtain a determination of whether they were entitled to coverage under one of Mid-Continent's policies which also protected P & H and Omega. The district court granted one of plaintiffs' summary judgment motions, holding plaintiffs were entitled to both indemnity and a defense in the related action. The district court later denied plaintiffs' second summary judgment motion for the costs of the defense actually provided by their own insurer, KFB Insurance Company. Plaintiffs appeal that determination, and we affirm.
 
 
 3
 The question before us grows out of a Kansas interstate highway collision between a truck and trailer driven by Marvin Pack and another vehicle. Mr. Martinez, who happened to be passing in his tow truck, became involved when he stopped and offered aid to Mr. Pack.
 
 
 4
 Because deaths and injuries evolved, suit was brought against Martinez and Tow Service as well as others. KFB Insurance Company, Tow Service's insurer, provided a defense in that action. KFB, however, is not, and never has been, a party to this case.
 
 
 5
 The question before us is whether Mid-Continent is responsible for payment to Martinez and Tow Service for their costs of litigation arising from the suit. Although holding plaintiffs were entitled to indemnification because Martinez was an insured person as defined under the Mid-Continent policy, the district court held plaintiffs were not entitled to litigation costs because they were not "damaged by the failure of Mid-Continent to defend them...." The court reached this conclusion because Mr. Martinez and Tow Service were provided a defense by their own insurer, KFB. Citing Continental Casualty Co. v. Curtis Publishing Co., 94 F.2d 710 (3d Cir.1938), the court concluded when, as here, an insurance company provides a defense for which it is contractually obligated, it cannot recover the cost of that defense from another insurer. Thus, the court held, neither Martinez, Tow Service, nor KFB could recover from Mid-Continent.[3] As a consequence of that finding, the district court dismissed the action against Mid-Continent.
 
 On appeal, plaintiffs assert:
 
 6
 In the present case, the issue at hand is the right of the parties Martinez and Tow Services, Inc. to bring a direct cause of action against their primary insurance carrier, Mid-Continent, as a result of Mid-Continent's failure to defend them in the underlying lawsuit. The concept of subrogation comes into play due to the fact that KFB, who has now been determined to be the excess carrier and who did not breach its duty to defend under its contract with Martinez and Tow Service, Inc., has made payment pursuant to its contract in the form of defense costs where it was primarily obligated to do so. The issue, then, not only becomes whether or not the insured parties have a direct cause of action against Mid-Continent, but also whether or not KFB is subrogated to the rights of Martinez and Tow Service, Inc. under their own policy.
 
 
 7
 Notwithstanding this assertion, we think the issue is somewhat different. First, whether KFB has subrogation rights is a contention injected into this case for the first time on appeal. Indeed, in the district court, plaintiffs stated: "K.F.B.'s right of subrogation, if any, is not at issue at the present time...." In their reply brief, plaintiffs dissemble about whether they raised subrogation in the district court, maintaining it is "not accurate, however, to state broadly that KFB's subrogation rights are not at issue in any sense." The point is, the issue was neither presented to nor ruled upon by the district court.
 
 
 8
 Second, plaintiffs' contentions here simply overlook the foundation of the district court's ruling. As we read the record, the district court was not concerned whether plaintiffs had a claim for relief or a remedy against Mid-Continent, but whether they had sustained damages. Plaintiffs take no issue with the district court's finding they sustained no damages, and we see nothing in the record to indicate that finding was erroneous.
 
 
 9
 It is conceded the plaintiffs have been represented in both the underlying negligence action and in this one as well by counsel supplied and paid for by KFB. Mr. Martinez and Tow Service make no claim they paid any additional fees or costs not compensated by KFB. It thus follows, the district court correctly held plaintiffs have suffered no damages as a result of Mid-Continent's refusal to provide them with a defense, even if that refusal was wrongful.
 
 
 10
 Moreover, on the current state of the record, plaintiffs' claim of a right of subrogation for KFB is unsupportable. As they properly note, a subrogation right arises when one party pays to another the debt of a third party. The payor succeeds to the rights of the payee and can bring an action against the third party to recover the debt. In almost the same breath however, plaintiffs concede KFB "did not breach its duty to defend under the contract with Martinez and Tow Services, Inc." With this statement, plaintiffs virtually concede the invalidity of KFB's purported subrogation claim.
 
 
 11
 Plaintiffs have made additional statements casting further doubt upon KFB's recovery rights. First, from plaintiffs' own assertion it is patent that costs incurred by KFB were the result of its contractual obligation to Mr. Martinez and Tow Service. When it provided a defense, KFB was not assuming and paying Mid-Continent's debt, it was performing its own contractual duty. Second, even if KFB had a right of subrogation, it has never been asserted.
 
 
 12
 We conclude, stripped of its legalisms, this appeal is meritless. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable James A. Parker, District Judge for the United States District Court for the District of New Mexico, sitting by designation
 
 
 [3]
 While absolutely clear, the district court's order could be read to assume plaintiffs had a right to recover against Mid-Continent, but because they could prove no damages, the district court denied relief. Consequently, we believe the arguments over whether plaintiffs have a right of recovery or a remedy or whether Oklahoma or Kansas law prevails are moot